3535 Salem Corp.; fka Cole-Layer-Trumble Co., Appellee, *v.* Lindley, Tax Commr., Appellant.

(No. 78-1384—Decided May 23, 1979.)

*Mr. William J. Brown,* attorney general, and *Mr. James C. Sauer,* for appellant.

*Messrs. Turner, Granzow, Spayd & Hollenkamp* and *Mr. Wayne H. Dawson,* for appellee.

*Per Curiam.* In reversing the Tax Commissioner's conclusions and finding that the transactions involved here are nontaxable, the Board of Tax Appeals relied upon the "true object" test originally enunciated by this court in *Acountant's Computer Services* v. *Kosydar* (1973), 35 Ohio St. 2d 120, and as reaffirmed in *Miami Citizens National Bank* v. *Lindley* (1977), 50 Ohio St. 2d 249.

The board found that the taxpayer "* * * sought as the true object of the transactions with the aerial survey firms the survey information contained on the map. The surveyors were professional engineers and surveyors who not only had expertise, but who demonstrated that expertise in their performance. A considerable amount of time and personal effort produced the map which was transferred. But also the survey firms transferred the contact prints, which provided the basis for the delineations and characterizations of the map, and the control reports, which detailed the analytical information for the triangulation points of the 'stereo pairs' that were used for the filming of the area photographed and mapped. The surveyors did not simply photograph a county; they surveyed and mapped it and delivered the survey information to the * * * [taxpayer]

upon the mylar sheet in the form of a planimetric map. The * * * [taxpayer] sought a survey of the county, an act done personally by the survey firms as an economic service involving the intellectual and manual personal effort of the surveyors; the appellant did not seek the saleable end product of the surveyors' skill. The surveys were not performed for a mass market, nor was the map sought available on the market. The * * * [taxpayer] desired an accurate, current survey of the areas surveyed. The aerial survey firms provided a survey, and the media, mylar sheets, on which it was transferred was an inconsequential element of the transaction."

Under R. C. 5717.04, this court's statutorily mandated duties in reviewing a decision of the board are limited to determining whether the board's decision is reasonable and lawful, and not to act as a trier of fact *de novo*.

The decision of the board is neither unreasonable nor unlawful and it is, therefore, affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, MAHONEY, SWEENEY, LOCHER and HOLMES, JJ., concur.

MAHONEY, J., of the Ninth Appellate District, sitting for P. BROWN, J.