LAWRENCE, OFFICER OF PALEVSKY INDUSTRIES, INC., APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Lawrence v. Lindley (1981), 65 Ohio St. 2d 105.]

(No. 80-975—Decided March 31, 1981.)

*Svete, Hofstetter & Bond Co., L.P.A.,* and *Mr. Daniel E. Bond,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellant.

*Per Curiam.* Appellant, in its sole proposition of law, asserts that "[t]he liability of a responsible corporate officer or employee, assessed pursuant to R. C. 5739.33 for the unpaid sales tax obligation of a corporation for sales tax collected but not remitted to the state, is not affected by the corporation's proceedings in bankruptcy."[1]

We find merit in this contention.

For the determination of this cause, the Bankruptcy Act, as it existed at the time of the proceedings herein, is relevant.

Section 35, Title 11, U. S. Code (Section 17 of the Bankruptcy Act), states, in pertinent part, as follows:

"a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: *Provided, however,* That a discharge in bankruptcy shall not release a bankrupt from any taxes***(e) which the

---

[1] Appellee raises several propositions of law which were not raised by a notice of appeal by either party, and, therefore, are not properly before this court. *Lenart* v. *Lindley* (1980), 61 Ohio St. 2d 110.

bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over***."

The above-quoted section makes it clear that the sales tax which the bankrupt has collected or withheld from others as required by law, but has not remitted to the state, is not discharged.

The United States Supreme Court, in *United States* v. *Sotelo* (1978), 436 U. S. 268, espoused the policy that Section 17a(1)(e) should contravene an undeserved windfall to a bankrupt who is charged with the responsibility of collecting a tax for a governmental entity. The state herein should not be precluded from pursuing the appellee personally for any sales tax collected but not remitted.[2]

The court, in *Alabama Dept. of Revenue* v. *Fox* (C.A. 5, 1980), 609 F. 2d 178, 182, succinctly, but aptly, determined the parameters of Section 17a(1)(e), when it stated:

"We conclude that the proper interpretation of §17a(1)(e), consistent with the intent of the Bankruptcy Act and the legislative historicity of the section, prohibits discharge in bankruptcy only for sales taxes *actually* collected or withheld and not remitted." (Emphasis added.)

Furthermore, Section 22b of Title 11, U. S. Code, which was also in effect during the course of bankruptcy proceedings herein, provides, in pertinent part, as follows:

[2] In *United States* v. *Sotelo, supra,* the court interpreted Section 6672, Title 26, U. S. Code, which is the federal counterpart to R. C. 5739.33. Section 6672 reads as follows:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who *willfully* fails to collect such tax, or truthfully account for and pay over such tax, or *willfully* attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable." (Emphasis added.)

It is interesting to note that R. C. 5739.33 does not require a showing of "*willful omission*" of an unremitted sales tax before an officer may be held personally liable.

The United States Supreme Court had the more arduous task of determining that case under a standard of "*willful failure,*" whereas Ohio's counterpart does not require such a high standard. R. C. 5739.33 simply mandates that an officer may be assessed for the failure to file a tax return or for not remitting the tax due. A reading of "willfulness" into the statute is contra to rudimentary statutory rules of construction.

"***The bankruptcy of a corporation shall not release its officers, the members of its board of directors or trustees or of other similar contolling bodies, or its stockholders or members, as such, from any liability under the laws of a State or of the United States.***"

Thus, a clear, unambiguous interpretation of the Bankruptcy Act, coupled with case law analysis, evinces that sales tax assessments are not discharged and that state law is applicable for recovering the unremitted tax due.

R. C. 5739.33 provides:

"If any corporation required to file returns and to remit tax due to the state under the provisions of sections 5739.01 to 5739.31, inclusive, of the Revised Code, fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit tax due. The sum due for such liability may be collected by assessment in the manner provided in section 5739.13 of the Revised Code."

The statute clearly reflects that a corporation, its officers or employees having control or supervision of remitting taxes due the state shall be personally responsible.

This court, in *Rowland* v. *Collins* (1976), 48 Ohio St. 2d 311, 313, stated:

"Clearly, appellee's liability for the overdue sales tax is derivative in nature. The separate identities of corporation and officer are thus irrelevant in this context. Once the assessment against the corporation becomes conclusive by the failure to present objections thereto the officer is bound by the oscitancy of his corporation.***"

Thus, the appellee, who according to R. C. 5739.33 is liable for the unremitted sales tax, is not discharged from that responsibility even though a discharge in bankruptcy is obtained by Palevsky.

For the foregoing reasons, the decision of the Board of Tax Appeals is reversed.

*Decision reversed.*

CELEBREZZE, C. J., W. BROWN, MCBRIDE, SWEENEY and LOCHER, JJ., concur.

HOLMES and C. BROWN, JJ., dissent.

MCBRIDE, J., retired, of the Second Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for P. BROWN, J.

HOLMES, J., dissenting. Although I agree with the basic proposition of law expressed here, *i.e.*, that the liability of a responsible corporate officer or employee assessed pursuant to R. C. 5739.33 is not affected by the corporation's proceedings in bankruptcy, I am not disposed to accept the premise that John Lawrence, this comptroller, is liable for this tax.

I am extremely hard pressed to understand the rationale of the majority herein that we are to read R. C. 5739.33 in such a strict and harsh manner as to hold an accountant, comptroller, agent, or employee of a business entity, liable in circumstances that reasonably show that the payment, or nonpayment, of these taxes was beyond the immediate control of the individual.

Here, the facts show that the banking institution within which the corporate funds were maintained seized all the assets in the accounts in order to satisfy some of the outstanding loans to the corporation extended by the bank. Further, there was a stop-payment order issued by the bank on all the outstanding checks of the corporation, which included checks in payment of the taxes in question.

I see no evidence adduced here that Lawrence had any control over the acts of the bank in stopping payment on these checks, which avoided the payment of these taxes. This failure of payment of the taxes due to these circumstances should not be attributed to this comptroller. The statute does not require this result.

The intent and purpose of the statute is to cover those instances when a corporate taxpayer would seek tax refuge behind a corporate officer or employee when the officer or employee might be knowingly aiding in such tax evasion. The intent of the statute is not to impress the tax liability upon those in charge of filing such return where the failure to pay the tax is shown to be beyond their control.

The decision and order of the Board of Tax Appeals should be affirmed as it is not unlawful or unreasonable, and is supported by probative and substantial evidence.

C. Brown, J., concurs in the foregoing dissenting opinion.