LUCAS ET AL.; WOLF, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Lucas *v.* Limbach (1988), 35 Ohio St. 3d 71.]

(No. 87-281—Decided February 3, 1988.)

*Krugliak, Wilkins, Griffiths &
Dougherty Co., L.P.A., Sam O. Sim-
merman, A. Edward Moss* and *Michael
A. Thompson,* for appellee.

*Anthony J. Celebrezze, Jr.,* at-
torney general, and *Floyd J. Miller,
Jr.,* for appellant.

*Per Curiam.* For the following rea-
sons, we affirm the judgment of the
court of appeals as to Wolf.

Appellant argues that the court of
appeals erred when it relied upon deci-
sions which construed the later en-
acted Bankruptcy Code of 1978, rather
than the Bankruptcy Act of 1898. Fur-
ther, appellant argues that trust fund
taxes such as the sales tax are not
dischargeable in bankruptcy.

As to the first contention, while
technically correct, it does not cause us
to reverse the decision of the court
since the terms and the concepts used
in both the Bankruptcy Act and the
Bankruptcy Code are similar. Our re-
view of bankruptcy decisions does not
indicate any basic distinctions in the
concepts involved,[1] nor does appellant
refer us to any cases which note any
such distinctions. The court of appeals
reviewed recent decisions which dis-
cussed the Bankruptcy Code only as a
prelude to its finding that the new con-
tract entered into by the debtor and
the appellant extinguished the claim of
the appellant against the appellee.

Concerning the second contention,
we agree with the appellant that trust
fund taxes are not dischargeable in
bankruptcy. However, as the court of
appeals found, this claim was not dis-
chargeable in bankruptcy, but the
state, under the terms of the plan of
arrangement, waived the payment of
the remaining indebtedness in ex-
change for the promise by the debtor
to pay $3,000 per month from the pro-
ceeds of its operation. The debt was
not discharged; it was compromised
and settled by the debtor's agreement
to make these monthly payments. The
court cited *In re Ernst* (D. Minn. 1985),
45 Bankr. 700, 702, for its holding that
the confirmation of a plan effectively
discharges the prior, underlying in-
debtedness and creates a new indebt-
edness:

"The effect of confirmation is to
discharge the entire confirmation debt,
replacing it with a new indebtedness as
provided in the confirmed plan. The
plan is essentially a new and binding
contract, sanctioned by the Court, be-
tween a debtor and his preconfirma-
tion creditors."

---

[1] See, for instance, *In re Astroglass
Boat Co., Inc.* (E.D. Tenn. 1983), 32 Bankr.
538, and *In re Blanton-Smith Corp.* (E.D.
Tenn. 1984), 44 Bankr. 73, which are cases
decided under the Bankruptcy Code of 1978
but refer to cases decided under the Bank-
ruptcy Act of 1898 for authority.

In the later case of *In re Herron* (D. La. 1986), 60 Bankr. 82, 84, that court stated:

"Once a plan is confirmed, the preconfirmation debt is 'replaced' with a new indebtedness as provided in the confirmed plan. The new indebtedness is, in essence, a new and binding contract between the debtor and the creditors."

As the court of appeals noted, appellant could have preserved her ability to assess Wolf for his derivative liability by reserving such right in the plan of arrangement. She did not do so and specifically waived the immediate payment of the balance due on the liability. The court found that the effect of this was a new agreement, the consideration for which was a new promise to pay, *i.e.,* a chose in action, which is recognized as a valuable property right. *Cincinnati* v. *Hafer* (1892), 49 Ohio St. 60, 30 N.E. 197; *Loveman* v. *Hamilton* (1981), 66 Ohio St. 2d 183, 20 O.O. 3d 194, 420 N.E. 2d 1007. We agree. While under the Bankruptcy Act the bankruptcy of a corporation did not release its officers from liability under the laws of a state (former Section 22[b], Title 11, U.S. Code or Section 4[b] of the Bankruptcy Act of 1898, as amended), the agreement of the appellant to waive the underlying debt and contract for a new debt did release appellee here.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN. JJ., concur.