**HAMER, Appellant,**

**v.**

**LIMBACH, Tax Commissioner, Appellee.**

[Cite as *Hamer v. Limbach* (1991), 75 Ohio App.3d 633.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–151.

Decided Aug. 20, 1991.

634

*Donald F. Kelch, Jr.*, for appellant.

*Lee Fisher*, Attorney General, and *Janyce C. Katz*, Assistant Attorney General, for appellee.

---

STRAUSBAUGH, Judge.

Appellant, Beau A. Hamer, appeals a decision of the Board of Tax Appeals ("board"), affirming the final order of appellee, Joanne Limbach, Tax Commissioner of Ohio. The board concluded that appellee properly issued a sales tax assessment to appellant for personal liability as a corporate officer responsible for sales taxes not paid by Mug Enterprises, Inc.

During the period of tax audit, July 1, 1981 through June 30, 1988, Mug Enterprises operated a restaurant and bar in Columbus, Ohio, known as the "Pewter Mug." As a result of the audit conducted by appellee's agents, it was determined that Mug Enterprises had charged and collected tax on sales to its customers but had failed to file sales tax returns and did not remit the collected tax to the state. As a result, assessments for sales tax plus additional charges and penalties were issued to Mug Enterprises. These assessments were outstanding when, on June 28, 1985, Mug Enterprises filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Ohio.

Based upon R.C. 5739.33, appellee issued a sales tax assessment to appellant for personal liability for Mug Enterprises' unpaid taxes. Appellant protested the assessment, claiming that he was not the responsible corporate officer. Following a hearing on the petition for assessment, appellee affirmed the finding of appellant's personal liability for Mug Enterprises' tax assessment. Appellant then appealed to the board, which affirmed appellee's order and concluded that appellant could be held personally liable for the tax assessment.

On appeal, appellant has set forth the following assignments of error for this court's review:

"1. The Board of Tax Appeals erred in finding that appellant had a responsibility or connection with the preparation, filing and payment of tax returns and that appellant possessed corporate check-writing authority.

"2. The Board of Tax Appeals erred in not finding that by agreeing to and failing to object to the plan of reorganization the Tax Commissioner compromised and settled the underlying corporate debt of the taxpayer and thus extinguished any derivative liability of appellant.

"3. The Board of Tax Appeals erred in failing to recognize that the plan of reorganization provided for additional payments to the state of Ohio out of accounts receivable and also contained the promise to pay taxes owed and personal guaranty of payment by Wendall Kessler, another officer of Mug Enterprises, Inc.

"4. The Board of Tax Appeals erred in that it did not find that the plan of reorganization under the bankruptcy act was virtually identical to the plan which existed in the case of *Lucas v. Limbach* (1988), 35 Ohio St.3d 71 [518 N.E.2d 944], and was erroneous in not finding that case dispositive of the issues in this case.

"5. The Board of Tax Appeals erred in completely ignoring the interim report on the status of consumation [*sic*] of the confirmed plan, which report was introduced in evidence and which clearly demonstrated that $96,863.00 of the taxes assessed in this case and penalty in the amount of $3,629.60 have already been paid."

At the outset, we note that R.C. 5717.04 provides for appeal to this court, and provides in pertinent part:

"If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification."

Accordingly, this court is to affirm the board's decision provided that the decision is reasonable and lawful. See *3535 Salem Corp. v. Lindley* (1979), 58 Ohio St.2d 210, 12 O.O.3d 203, 389 N.E.2d 508.

In his first assignment of error, appellant argues that the board erred in affirming appellee's conclusion that appellant be held personally liable for Mug Enterprises' failure to pay Ohio sales tax. Appellee assessed appellant pursuant to R.C. 5739.33, which provided at the time of appellant's assessment:

"If any corporation required to file returns and to remit tax due to the state * * * fails for any reason to make such filing or payment, any of its officers, or employees having control or supervision of or charged with the responsibility of filing returns and making payments, shall be personally liable for such failure. The dissolution of a corporation shall not discharge an officer's or employee's liability for a prior failure of the corporation to file returns or remit tax due. * * *"

Accordingly, pursuant to R.C. 5739.33, personal liability may be imposed upon any corporate officer or employee who has control or supervision of or is charged with the responsibility of filing tax returns and making payments. The Supreme Court has limited the application of R.C. 5739.33 to only that group of corporate officers or employees who have a responsibility or specific connection with the preparation, filing and payment of tax returns, and who also possess corporate check-writing authority. *Weiss v. Porterfield* (1971), 27 Ohio St.2d 117, 56 O.O.2d 65, 271 N.E.2d 792; *Lenart v. Lindley* (1980), 61 Ohio St.2d 110, 15 O.O.3d 152, 399 N.E.2d 1222; *Kihm v. Lindley* (1982), 70 Ohio St.2d 76, 24 O.O.3d 149, 434 N.E.2d 1354; *Hile v. Limbach* (1989), 44 Ohio St.3d 197, 542 N.E.2d 651.

■ Although appellant contends that the board erred in assessing against him personal liability for Mug Enterprises, this court cannot conclude that the board's decision is either unreasonable or unlawful in this regard. Clearly, personal derivative liability may be imposed upon an officer who is connected with the making and filing of returns even though there may exist a higher authority within the corporation which may have exclusively controlled or directed which debts should be paid. Moreover, an individual may not escape liability on the basis that the responsibility to file tax returns has been delegated to another individual. *Spithogianis v. Limbach* (1990), 53 Ohio St.3d 55, 559 N.E.2d 449.

In the present case, appellant served as the president of Mug Enterprises and was active in the management of persons involved in the daily business of the restaurant. The record demonstrates that appellant had check-signing authority, as well as the authority to complete franchise tax reports. Appellant admitted that he was aware that sales tax was collected but not remitted to the state. Appellant stated that his brother-in-law directed the collected sales tax elsewhere and that although appellant discussed with his brother-in-law the corporation's responsibility to pay state sales tax, no sales tax was paid. While appellant claims that he is not responsible for the payment of state sales tax, given the evidence in the record, and his check-writing authority, this court cannot conclude that appellant has demonstrated that the board's decision is unreasonable or unlawful. Accordingly, appellant's first assignment of error is not well taken and is therefore overruled.

■ Appellant's assignments of error two through five are, in essence, interrelated and this court will address them together. Essentially, appellant argues that he is relieved of any personal derivative liability as the result of the compromise and settlement of Mug Enterprises' tax debt during the course of the corporation's Chapter 11 proceedings in bankruptcy. In support

of this proposition, appellant relies upon the Supreme Court's decision in *Lucas v. Limbach* (1988), 35 Ohio St.3d 71, 518 N.E.2d 944.

In *Lucas,* the Supreme Court recognized at the outset of its decision that sales taxes which are collected but are not remitted to the state constitute trust fund taxes which are not dischargeable in bankruptcy. See *Lawrence v. Lindley* (1981), 65 Ohio St.2d 105, 19 O.O.3d 304, 418 N.E.2d 1351. However, the Supreme Court in *Lucas, supra,* recognized that while trust fund taxes are not dischargeable in bankruptcy, the debt may be compromised and settled between the Tax Commissioner and the debtor during the course of bankruptcy proceedings. In *Lucas,* the Tax Commissioner specifically consented to a plan of arrangement, confirmed by the bankruptcy court, which provided that the state would receive payments toward the sales tax due. The state agreed to waive the immediate payment of remaining indebtedness but would receive monthly payments from the corporation's operation until the debt owed was fully paid.

In the present case, the board concluded that there was no evidence that appellee voluntarily and specifically waived appellant's original indebtedness. While appellee filed proof of the state's claim, and apparently offered acceptance of appellant's reorganization plan, the board found that such participation is not a voluntary choice of a creditor but is required by the Bankruptcy Code. There exists no evidence that appellee agreed to eliminate appellant's original sales tax debt in return for a promise to pay a new debt. As appellant failed to present any evidence of appellee's intent to settle and compromise appellant's outstanding debt, we are unable to conclude that the board's decision was either unreasonable or unlawful. Again, we note that absent such settlement and compromise, trust fund taxes are not discharged in bankruptcy. See *Lawrence, supra.* Accordingly, appellant's assignments of error two through five are not well taken and are overruled.

Based upon the foregoing, appellant's assignments of error are not well taken and are overruled. The decision of the board is hereby affirmed.

*Decision affirmed.*

BOWMAN, P.J., and WHITESIDE, J., concur.