KESSLER, OFFICER OF M.U.G. ENTERPRISES, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as *Kessler v. Limbach* (1992), 62 Ohio St.3d 512.]

(No. 91–240—Submitted November 14, 1991—Decided February 12, 1992.)

*Darrell E. Fawley, Jr.,* for appellant.

*Lee I. Fisher,* Attorney General, and *Janyce C. Katz,* for appellee.

*Per Curiam.* In *Lucas v. Limbach* (1988), 35 Ohio St.3d 71, 518 N.E.2d 944, we held that a responsible corporate officer was not derivatively liable under R.C. 5739.33, even though trust fund taxes are not dischargeable in bankruptcy, because " * * * the state, under the terms of the plan of arrangement, waived the payment of the remaining indebtedness in exchange for the promise by the debtor to pay $3,000 per month from the proceeds of its operation. The debt was not discharged; it was compromised and settled by the debtor's agreement to make these monthly payments." *Id.* at 72, 518 N.E.2d at 946.

However, in the instant case the BTA affirmed the Tax Commissioner's assessment because no compromise of the trust fund indebtedness was found. Indeed, as the BTA stated: " * * * What we have here is the fact of bankruptcy, but no implication that the Tax Commissioner and the defaulting corporation ever agreed to extinguish the original debt and replace it with a new one.

"Just as in any litigation where compromise and settlement is asserted as a defense, the asserting party must show that a prior obligation was adjusted, modified and settled by mutual promises of the creditor and debtor. This is especially true when the nature of the debt is such that it is not dischargeable in bankruptcy. In the present matter, Mr. Kessler has proven that certain debts have been discharged in bankruptcy, but has not proven a compromise and settlement of the nondischargeable debt of collected but unremitted sales tax. On this factual basis, the Board of Tax Appeals finds and determines that the debt of the corporation remains a viable one and provides sufficient grounds for the imposition of derivative liability."

In *Lawrence v. Lindley* (1981), 65 Ohio St.2d 105, 19 O.O.3d 304, 418 N.E.2d 1351, we stated that a responsible officer's liability for collected but unremitted sales taxes under R.C. 5739.33 was not discharged by the discharge in bankruptcy of his corporation. The officer's liability is not released by the settlement of his corporation's obligation for sales taxes unless the Tax Commissioner expressly agrees to such release.

The decision of the BTA is neither unreasonable nor unlawful and is affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.