OPINION
{¶ 1} Frank C. Davis appeals from the judgment of the Clark County Common Pleas Court wherein the court overruled his motion to withdraw his previous no contest plea.
 {¶ 2} Davis was indicted on December 8, 1998 for one count of possession of cocaine and two counts of trafficking in cocaine. On December 11, 1998 Davis pled not guilty to these charges. A motion to suppress was filed on February 16, 1999 and a notice of alibi was filed on May 17, 1999. On February 9, 2000, appellant pled no contest to one count of possession of powdered cocaine and a major drug offender specification. The remaining two drug trafficking charges were dismissed. Appellant was sentenced to an agreed sentence of imprisonment of eleven years, of which ten were to be mandatory. Appellant was to forfeit real property, several vehicles and $87,493.00.
 {¶ 3} On November 4, 2003, Davis filed his motion to withdraw his prior no contest plea. Davis asserted in his motion that he was coerced by his own counsel to enter the plea and that he never intended to relinquish his "forfeiture rights" and was not so informed of those rights until he was sentenced. Davis asserted that as a first time offender he believed he would be eligible for shock probation or judicial release and that he was never told he was ineligible for community control or that his appellate rights were limited by his plea.
 {¶ 4} Davis also contended the court should permit him to withdraw his plea because his counsel was ineffective for not challenging the sentence imposed upon him and not challenging the enormous forfeiture of his property. Davis attached an affidavit in support of his motion essentially alleging that his counsel, John Rion, had pressured him into accepting the prosecutor's plea offer. He stated he was never told by Rion that he had given up his right to appeal the forfeiture by entering his plea.
 {¶ 5} The trial court overruled Davis' motion without a hearing. The court found that Davis was represented by experienced counsel who aggressively made all available arguments on Davis' behalf. The trial court found that Davis entered his plea knowingly and voluntarily and the court never promised Davis probation and that all terms of the plea negotiations were fully disclosed in open court.
 {¶ 6} In his first assignment of error, Davis argues that the trial court erred in not vacating his plea because his trial counsel was constitutionally ineffective.
 {¶ 7} Specifically, Davis argues that his trial counsel was ineffective because he was not informed prior to his plea that he would be waiving any right to appeal the forfeiture of his property. He also argues that his counsel was ineffective for failing to argue all the legal issues he wished to raise in his appeal regarding the search of his residence and in the forefeiture of his property.
 {¶ 8} The State argues that this assignment should be overruled because the trial court fully complied with Crim.R. 11 and appellant was advised in the written plea agreement and by the trial court that the forfeiture of his property would not be subject to appeal. The State also notes that Davis was asked by the trial court if he had discussed the plea and agreed sentence with counsel and Davis replied that he had.
 {¶ 9} At the plea, the prosecution recited the terms of the parties' agreement. The prosecutor stated on the record that Davis would enter a plea of no contest to possession of powder cocaine exceeding 1000 grams and to the specification that he is a major drug offender. The prosecution also noted that Davis agreed to forfeit his legal interest in those items specified in the indictment. (Tr. 4). The prosecutor also stated that Davis agreed that "the issue of forfeiture of that property will not be the subject of any appellate proceedings." (Tr. 4). The prosecutor stated that the drug possession count carried a mandatory ten year sentence and the specification carried an optional 1-10 year sentence. The prosecutor noted that the offense was not probationable and that the parties had agreed the court would impose an eleven (11) year sentence upon the defendant. The prosecutor also represented that Davis would be fined $20,000 pursuant to the agreement and that his sentence would be stayed pending his appeal of the suppression ruling.
 {¶ 10} Defense counsel, Mr. Rion, told the court that Davis understood he could have faced 23 years in prison and that Davis understood the terms of the plea agreement. The trial court then reviewed the agreement with Davis and recited the specific items of property which would be forfeited pursuant to the parties' agreement. (Tr. 8 and 9).
 {¶ 11} The court informed Davis that he was subject to a ten year maximum and mandatory sentence on the drug possession charge and that the offense was not probationable. The court also told Davis he could receive up to 10 years on the drug offender specification for a total maximum sentence of 20 years. The trial court asked Davis if he read the plea agreement, whether he discussed it with his attorney, and whether he understood. Davis replied that he had. The court asked Davis if his counsel had answered any questions that he might have had in regard to the charges and the procedures in court. Davis replied that his counsel had done so. (Tr. 12).
 {¶ 12} The trial court then reviewed with Davis all of the constitutional rights which he would surrender by entering his plea. The prosecutor then reviewed with the court the facts which would support Davis' conviction of the charge to which he entered his plea. The court also asked Davis if he understood that any appeal to the court of appeals would be limited to the issues raised in the pre-trial suppression motion involving the seizure of his property and the admissibility of any statements he may have made to the police. (Tr. 16). Davis stated that he understood these terms of the agreement.
 {¶ 13} The court then found Davis guilty on his no contest plea and then asked Davis' counsel if Davis wished to proceed to sentencing without a presentence investigation. Davis' counsel stated he wished to proceed to sentencing and Davis declined to make a statement before the trial court imposed the sentence. The court imposed the agreed upon sentence and ordered the property listed in the indictment specification forfeited.
 {¶ 14} The appellant's first assignment of error is without merit. Appellant's counsel negotiated a plea reduction from the State. One of the terms of the agreement was that Davis would have to agree to the forfeiture of his property listed in the specification and waive his right to appeal the forfeiture. The record discloses appellant understood these requirements and that he agreed to the terms.
 {¶ 15} Davis contends he would not have entered his plea if he knew his lawyer would not raise the issue of the search warrant affidavit on appeal. He fails, however, to show how the affidavit was defective and how if his counsel had pursued this issue on appeal there would have been any reasonable probability of success. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 16} Ineffective representation by counsel may be grounds for vacating a guilty plea to the extent that the ineffectiveness makes the plea less than knowing and voluntary. State v. Talley
(January 30, 1998), Montgomery App. No. CA 16479, unreported, citing State v. Xie (1992), 62 Ohio St.3d 512, 514.
 {¶ 17} The standard for ineffective assistance of counsel was enunciated in State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E. 2d 373 in its syllabus:
 {¶ 18} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proven to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle (1976), 48 Ohio St.2d 391, 20 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed)."
 {¶ 19} The test for vacating a guilty plea due to ineffectiveness of counsel is that, but for counsel's errors,
the defendant would not have pled guilty but would have gone to trial. Hill v. Lockhardt (1985), 474 U.S. 52, 106. Appellant has failed to point to any
 {¶ 20} of his counsel's professional errors which made his plea less than knowing and voluntary. His argument that his counsel was ineffective for not requesting a pre-sentence report is wholly without merit because counsel had secured an "agreed" sentence as part of the plea negotiations. The pre-sentence report would have served no useful purpose.
 {¶ 21} In his second assignment, Davis argues that the trial court erred in denying his motion to withdraw his plea because he did not understand at the time he entered his no contest plea that he was ineligible for judicial release.
 {¶ 22} In his affidavit accompanying his motion, Davis asserted he believed that as a first time offender he would be, at some time, eligible for shock probation or parole and he was never told this by the trial court. The record discloses that the trial court did not advise Davis that he was ineligible for judicial release despite the fact that the court did advise the defendant he faced a mandatory ten year sentence.
 {¶ 23} Davis refers us to this court's opinion in State v.Gail Pape (November 21, 2001), C.A. Case No. 2000 CA 98. In that case, the defendant appealed the trial court's denial of his motion to withdraw his guilty plea without a hearing. Pape asserted in his motion that his counsel told him he would be eligible for judicial release after serving six months of a four year sentence for trafficking in cocaine. Pape asserted that the trial court failed to inform him that he was facing a mandatory sentence and that he was ineligible for community sanctions or judicial release.
 {¶ 24} We found that although the trial court's warnings were not entirely clear, we were satisfied that Pape understood that he faced a mandatory sentence. We found, however, there was merit in Pape's contention that even though a sentence is mandatory, a defendant might still reasonably understand that he is eligible for judicial release after having served a portion of his prison sentence. Judge Wolff wrote on behalf of this court:
 {¶ 25} "Although the trial court was unaware of the alleged assurance of Pape's trial counsel that he would be eligible for judicial release, it was nevertheless required to determine that Pape understood he was ineligible for community control sanctions, Crim.R. 11(C)(2)(a), which are imposed in the event of judicial release. R.C. 2929.20(I). The trial court made no inquiry of Pape's understanding that he was not eligible for community control sanctions, which ineligibility was integral to his receiving a mandatory sentence. Nor did the written plea of guilty mention Pape's ineligibility for community control sanctions. The legislature saw fit to expressly provide that a defendant serving a mandatory sentence was ineligible for judicial release. R.C. 2929.20(A)(1)(a). We conclude that expressing that Pape's sentence was mandatory, without more, was not sufficient to inform him that he was ineligible for judicial release.
 {¶ 26} "In our judgment, implicit in the duty imposed by Crim.R. 11(C)(2)(a) to determine that the defendant understands that he is ineligible for community control sanctions is the further duty to determine that he also understands he is ineligible for judicial release, which results in the imposition of community control sanctions.
 {¶ 27} "The phrase `at the sentencing hearing' at the end of Crim.R. 11(C)(2)(a) appears to have been added when the rule was amended to embrace community control sanctions as well as probation in the aftermath of the overhaul of criminal law effective July 1, 1996. Arguably, the phrase only requires the trial court to determine that the defendant understands he cannot immediately be placed on probation or on community control when he appears for sentencing. If this is the intent of the phrase, the 1998 staff note to Crim.R. 11 is strangely silent. The phrase would also be at odds with case law dealing with the failure of the trial court to determine that a defendant understands he is ineligible for shock probation. State v. Brigham,
1997 Ohio App. LEXIS 689 (Feb. 27, 1997) Franklin App. No. 96APA07-964, 970, unreported; State v. Colbert (1991), 71 Ohio App.3d 734,595 N.E.2d 401. Brigham was a late appeal. Colbert was an appeal from the overruling of a motion to withdraw a guilty plea. In both of these cases, the appellate courts found reversible error, or a basis for vacating the guilty plea, where the trial court failed to determine that the defendant understood he was ineligible for shock probation which, like judicial release, is granted only after the defendant has served a portion of his sentence.
 {¶ 28} "To be sure, in those cases — unlike the case before us — the record of the plea proceeding reflected that at the time the defendant pleaded guilty, the defendant believed he was eligible for shock probation. Here the record of the plea proceeding does not reflect Pape's claimed belief that he was eligible for judicial release. Nevertheless, we conclude that requiring the trial court to determine that a defendant understands he is ineligible for judicial release is a salutary interpretation of Crim.R. 11(C)(2)(a) which furthers the purpose of Crim.R. 11(C)(2)(a) that pleas of guilty and no contest be voluntarily and intelligently made, i.e., `with full understanding of the consequences.' Brigham, supra,1997 Ohio App. LEXIS 689, citing Kercheval v. United States (1927),274 U.S. 220, 223, 71 L.Ed. 1009, 47 S. Ct. 582."
 {¶ 29} Crim. R. 32.1 provides that "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed, but to correct a manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A manifest injustice occurs when the defendant demonstrates that he would not have otherwise entered the plea had he known of the information of which the court failed to inform him. State v. Nero (1990),56 Ohio St.3d 106, 108.
 {¶ 30} Therefore, we must sustain the appellant's second assignment of error and remand this matter to the trial court to conduct a hearing to determine whether Davis would have entered his no contest plea despite the trial court's failure to inform him he was ineligible for judicial release.
 {¶ 31} The judgment of the trial court overruling Davis' motion to withdraw is Reversed and Remanded for further proceedings.
Wolff, J., and Young, J., concur.