OPINION
{¶ 1} Corey D. Simpson, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found him guilty, pursuant to a plea of guilty, of two counts of aggravated robbery with specification, in violation of R.C. 2911.01, which are first-degree felonies; kidnapping with specification, in violation of R.C. 2905.01, which is a first-degree felony; and having a weapon while under disability, in violation of R.C. 2914.13, which is a third-degree felony. *Page 2 
 {¶ 2} In November and December 2006, appellant attempted to rob two restaurants, using a handgun in each attempt. Appellant was seen fleeing from the location of the second restaurant and later apprehended. On December 18, 2006, appellant was indicted on three counts of aggravated robbery with specification, six counts of robbery with specification, four counts of kidnapping with specification, and one count of having a weapon while under disability.
 {¶ 3} On May 21, 2007, appellant pled guilty to two counts of aggravated robbery with specification, one count of kidnapping with specification, and one count of having a weapon while under disability. The trial court ordered a pre-sentence investigation. On August 3, 2007, and October 4, 2007, appellant filed pro se motions to withdraw his guilty plea. Appellant contended that, although he was informed he was ineligible for judicial release with respect to the six-year term of actual incarceration on the firearm specifications, his counsel was ineffective because he failed to inform him that all of the offenses to which he was pleading rendered him ineligible for judicial release under R.C. 2929.20(A) because his total sentence for all counts would necessarily exceed ten years. Appellant indicated his counsel told him he would be eligible for judicial release after ten years. For this reason, appellant asserted, his plea was not entered knowingly, intelligently, and voluntarily. At the October 5, 2007 sentencing hearing, the court denied appellant's motions and imposed a total prison term of 30 years on all counts. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 [I.] THE DEFENDANT-APPELLANT WAS DENIED DUE PROCESS AS HIS PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY. *Page 3 
 THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENDANT-APPELLANT TO WITHDRAW HIS GUILTY PLEA PRIOR TO SENTENCING.
 THE DEFENDANT-APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 {¶ 4} Appellant argues in his first assignment of error that his guilty plea was not knowing, intelligent, and voluntary. A waiver of a defendant's constitutional right to trial must be knowing, intelligent, and voluntary. State v. Engle (1996), 74 Ohio St.3d 525, 527. Crim. R. 11(C)(2) provides:
 Pleas of guilty and no contest in felony cases
 * * *
 (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. *Page 4 
 {¶ 5} A trial court must strictly comply with Crim. R. 11 as it pertains to the waiver of federal constitutional rights. Boykin v.Alabama (1969), 395 U.S. 238, 243-244, 89 S.Ct. 1709. These constitutional rights include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. However, substantial compliance with Crim. R. 11(C) is sufficient when waiving non-constitutional rights. State v. Nero (1990),56 Ohio St.3d 106, 108. The non-constitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts; the maximum penalty; and that, after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. "Substantial compliance" means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id.
 {¶ 6} Appellant presents several arguments to support his claim that his guilty plea was not knowing, voluntary, and intelligent. Appellant first asserts that his guilty plea was not knowing, intelligent, and voluntary because he was not informed by the court that he was ineligible for judicial release. Crim. R. 11(C)(2)(a) does not explicitly require a trial court to inform a defendant that he is ineligible for judicial release. The sole authority appellant cites for his contention is State v. Davis, Clark App. No. Civ.A. 2003-CA-87, 2004-Ohio-5979, in which the Second District Court of Appeals found a requirement that a defendant understands he is ineligible for judicial release is consistent with the purpose of Crim. R. 11(C)(2)(a). However, this court expressly rejected Davis in State v. Cline, Franklin App. No. 05AP-869,2006-Ohio-4782, at ¶ 17. In Cline, we stated:
 While Davis may render support to appellant's argument, we find that Davis is not binding on this court, nor is it in accordance with other Ohio appellate districts that have encountered similar circumstances. See State v. Mitchell, *Page 5 
11th App. No. 2004-T-0139, 2006-Ohio-618, certiorari denied, ___ Ohio St.3d ___, 2006-Ohio-2998 (the trial court's and trial counsel's erroneous misrepresentations regarding judicial release eligibility did not invalidate a guilty plea where the trial court complied with Crim. R. 11); State v. Cvijetinovic, 8th App. No. 81534, 2003-Ohio-563 (guilty plea upheld where the record failed to demonstrate that defendant relied upon the trial court's misstatements about judicial release); State v. Taylor, 12th App. No. 2003-07-025, 2004-Ohio-3171, certiorari denied, 103 Ohio St.3d 1526 (guilty plea upheld where record did not reflect that the decision to plead guilty was influenced by the trial court's erroneous information regarding his eligibility for judicial release); State v. Blackshear (Sept. 19, 2001), 7th App. No. 00 C.A. 240 (under the circumstances, trial counsel's misrepresentations regarding eligibility for judicial release did not invalidate guilty plea).
 {¶ 7} Based upon the rationale in Cline, we again must rejectDavis. Thus, we cannot say the trial court here erred when it failed to inform appellant that he was ineligible for judicial release. See, also,State v. Simmons, Hamilton App. No. C-050817, 2006-Ohio-5760, at ¶ 13-14
(the failure to inform defendant at the plea hearing about his ineligibility for judicial release was not prejudicial error).
 {¶ 8} Although in Cline we rejected appellant's argument that a plea is not knowing, intelligent, and voluntary if a trial court fails to inform a defendant that he is ineligible for judicial release, appellant further asserts that his plea was not knowing, intelligent, and voluntary because he was explicitly misled by his trial counsel concerning his eligibility for judicial release. Appellant points to the following statement by his trial counsel prior to the sentencing hearing while discussing appellant's motions to withdraw his guilty plea and his claims of ineffective assistance of counsel:
 MR. JUNGA: * * * But I will say I think there is a lot of selective memory. *Page 6 
I threw a lot at him. In my opinion I think we had ample time to go over what I was saying, the differences between what is definitely going to happen and what is a possibility that is going to happen and I think have along the lines Mr. Simpson confused what was possible and what was certain.
 * * *
 MR. JUNGA: I think there was a long period of time where I explained to him every option that could possibly happen, the possibility of judicial release being one of those. And I just explained to him how the mechanism of judicial release is set up and what those time frames are.
 There was certainly no promises as to this would definitely happen. It was simply what I told him the state of the law is that could present the possibility of what could happen.
Appellant claims his trial counsel's representation, in the above respect, misled him because he, in fact, never had the possibility of judicial release based upon his plea.
 {¶ 9} It is true that, when a defendant is induced to enter a guilty plea by erroneous representations as to the applicable law, the plea has not been entered knowingly and intelligently. State v. Mitchell, Trumbull App. No. 2004-T-0139, 2006-Ohio-618, at ¶ 15, citingEngle, at 528. However, in the present case, we initially note that the precise nature of the communications between appellant and his trial counsel, referred to in the above quote, is unclear. It is not certain whether appellant's trial counsel merely explained judicial release in general terms as applicable to all legal proceedings or that judicial release could be possible in appellant's specific case depending on the eventual plea, jury verdict, or sentence.
 {¶ 10} Regardless, several courts have specifically concluded that a trial counsel's erroneous representations regarding judicial release eligibility does not invalidate a defendant's guilty plea when the trial court complies with Crim. R. 11, and there is no *Page 7 
evidence the defendant would have pled differently had he been told he was ineligible for judicial release. See, e.g., Mitchell, supra, andState v. Blackshear (Sept. 19, 2001), Mahoning App. No. 00 C.A. 240. Here, the record is clear that the trial court complied with the mandates of Crim. R. 11(C)(2)(a) in all respects. The trial court engaged in an extensive and thorough colloquy with appellant, and appellant acknowledged that he understood the trial court's questions and his plea. Appellant also acknowledged no one promised him anything in return for his guilty plea. Further, even if appellant's trial counsel specifically told appellant he was eligible for judicial release based on his actual plea, appellant's counsel indicated it was only a possibility. In addition, there is no indication in the present record to suggest that appellant's belief that he would be eligible for judicial release induced his guilty plea. At the plea hearing, appellant gave no indication that he was pleading guilty based on the possibility of judicial release. Thus, appellant's argument is without merit in this respect.
 {¶ 11} Appellant also argues under his first assignment of error that his plea was not knowing, voluntary, or intelligent because the trial court failed to inform him of his constitutional right to a unanimous verdict. Initially, there is no explicit requirement in Crim. R. 11(C)(2)(a) that a defendant be informed of his right to a unanimous verdict. Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict. See, e.g., State v. Ketterer,111 Ohio St.3d 70, 2006-Ohio-5283, at ¶ 68 (the trial court was not required to specifically advise defendant on the need for juror unanimity);State v. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167, at ¶ 44-46
(accused need not be told that jury unanimity is necessary to convict and to impose sentence); State v. Barnett, *Page 8 
Hamilton App. No. C-060950, 2007-Ohio-4599, at ¶ 6 (trial court not required to specifically inform defendant that she had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing); State v. Goens, Montgomery App. No. 19585, 2003-Ohio-5402, at ¶ 19; State v. Pons (June 1, 1983), Montgomery App. No. 7817 (defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim. R. 11); State v. Small (July 22, 1981), Summit App. No. 10105 (Crim. R. 11 does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote).
 {¶ 12} It is also well-established that a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. State v. Bays (1999),87 Ohio St.3d 15, 20. In State v. Jells (1990), 53 Ohio St.3d 22, 25-26, the Ohio Supreme Court held:
 There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel.
A written jury waiver is presumed to have been voluntary, knowing, and intelligent. State v. Turner, 105 Ohio St.3d 331, 2005-Ohio-1938, at ¶ 25. Here, appellant indicated he was fully apprised of his rights, and he executed a written waiver of his right to a jury trial. Nothing in the record rebuts the presumption that this waiver was knowingly, intelligently, and voluntarily made. For all the above reasons, we find the trial court did not err when it *Page 9 
failed to inform appellant of his right to a unanimous jury verdict, and, based upon the totality of the circumstances, we conclude appellant entered his plea voluntarily. The trial court clearly complied with the mandates of Crim. R. 11(C). Therefore, appellant's first assignment of error is overruled.
 {¶ 13} Appellant argues in his second assignment of error that the trial court erred when it did not allow him to withdraw his guilty plea prior to sentencing. Crim. R. 32.1 permits a defendant to file a motion to withdraw a guilty plea prior to sentencing. The general rule is that motions to withdraw guilty pleas before sentencing are to be freely given and treated with liberality. State v. Xie (1992),62 Ohio St.3d 521, at paragraph one of the syllabus. An appellate court should consider several factors when reviewing a trial court's decision to grant or deny a defendant's pre-sentence motion to withdraw a guilty plea including: (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim. R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. State v. Griffin (2001), 141 Ohio App.3d 551, 554.
 {¶ 14} However, the right to withdraw a plea is not absolute.Xie, supra, at paragraph one of the syllabus. Therefore, this court will not reverse a trial court's denial of a motion to withdraw a plea of guilty absent an abuse of discretion on the part of the trial court.State v. Nathan (1995), 99 Ohio App.3d 722, 725. An abuse of discretion implies *Page 10 
that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Reviewing the pertinent factors as applied to the present case, only two of the factors weigh in favor of granting appellant's motion to withdraw. The state would not have been prejudiced by the trial court's permitting appellant to withdraw his guilty plea, beyond the ordinary impact of any defendant's subsequent withdrawal of a guilty plea, and appellant's motion was made in a timely manner. However, the remaining factors weigh in favor of a finding that the trial court did not abuse its discretion when it denied appellant's motion to withdraw his guilty plea. Appellant was represented by competent counsel, and the trial court specifically commented, with regard to appellant's counsel:
 I think it is also appropriate to mention that Mr. Junga has appeared in this Court many times. He has tried jury trials in this courtroom and has done an excellent job. I commented the last case he tried in this courtroom, which was just a few months ago, that he did an excellent job. So I have some experience with Mr. Junga, and I have always found him to be forthright, prepared, and [to] do an excellent job for his clients.
 * * *
Further, we found above that the trial court conducted a thorough Crim. R. 11 plea hearing. The court also held a thorough hearing on appellant's motions to withdraw and gave full and fair consideration to the motions. The trial court gave appellant the opportunity to present his argument, and the court asked appellant numerous questions about whether he had understood the charges at his earlier plea hearing. Importantly, we have already addressed appellant's reasons for the motions in dispensing with appellant's first assignment of error and found these arguments without merit. Additionally, it is important to note that there is nothing to suggest that appellant was perhaps not guilty or had a complete defense to the charges, as the pre-sentence investigation indicated that *Page 11 
appellant told the probation department that he robbed the restaurants because he needed money for his newborn baby. Appellant also stated that he knew where the money was kept at one of the restaurants because he had once worked at one of the same restaurants. Also, at his hearing on his motion to withdraw, appellant never suggested that he was innocent of the crimes with which he was charged. After weighing all of these factors, we cannot find the trial court abused its discretion when it denied appellant's motion to withdraw his guilty plea. Therefore, appellant's second assignment of error is overruled.
 {¶ 16} Appellant argues in his third assignment of error that he was denied effective assistance of trial counsel. Appellant contends his counsel was ineffective because his counsel induced him to plead guilty by telling him he would be eligible for judicial release in ten years when he actually was not. Erroneous legal advice as to eligibility for judicial release that induces a plea of guilty may constitute ineffective assistance of counsel. State v. Pape (Nov. 21, 2001), Clark App. No. 2000 CA 98. In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id.
 {¶ 17} With respect to the first prong, courts indulge a strong presumption that counsel was competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. An appellant must show that his counsel's performance fell below an objective standard of *Page 12 
reasonableness. State v. Bradley (1989), 42 Ohio St.3d 136, 142, citingStrickland, supra, at 687-688. With respect to the second prong, prejudice is shown where there is a reasonable probability that a different result would have occurred in the case if the attorney had not erred. Bradley, at paragraph three of the syllabus. A reviewing court must consider the totality of the evidence before the judge or jury. Id., at 142, citing Strickland, at 695-696.
 {¶ 18} In the present case, appellant contends his counsel was ineffective because his counsel induced him to plead guilty by leading him to believe he would be eligible for judicial release in ten years, when the plea would actually have rendered him completely ineligible for such relief. Appellant maintains that, if his counsel would have advised him that he would be ineligible for judicial release, he would have never entered the guilty plea. This argument is essentially the same as addressed in appellant's first assignment of error: that appellant's guilty plea was not knowing, voluntary, and intelligent. However, as we stated above, the precise nature of the communications between appellant's trial counsel and appellant is unclear. There is no definitive evidence in the record as to what appellant's counsel, in fact, communicated to him. The only evidence in the record as to what appellant's counsel might have stated to appellant, as quoted above under appellant's first assignment of error, is vague. Therefore, to find appellant's trial counsel was ineffective based upon the ambiguous statements made by appellant's trial counsel at the hearing would require this court to indulge in impermissible speculation.
 {¶ 19} Further, in order to be successful on a claim of ineffective assistance of counsel, appellant must show that he was prejudiced by his counsel's conduct. However, *Page 13 
outside of appellant's claims during the hearing on his motions to withdraw his guilty plea, the record contains no evidence that, but for his counsel's allegedly erroneous advice, appellant would not have pled guilty to the charges. At the plea hearing, appellant gave no indication that he placed any importance on his trial counsel's alleged representation during the plea negotiation process that he would be eligible for judicial release. The trial court twice asked appellant at the plea hearing if he had any questions for the court or his counsel about his plea, and appellant stated he did not. Thus, appellant has failed to satisfy the second prong of Strickland. See, e.g.,Mitchell, supra, at ¶ 23 (no ineffective assistance of counsel when defendant pointed to no evidence in the record that he put any particular emphasis on his eligibility for judicial release as a factor in his decision to enter a plea); State v. Coffey, Clermont App. No. CA2004-09-070, 2005-Ohio-3908, at ¶ 20 (appellant did not show at the hearing to vacate his plea that he would have pleaded not guilty had counsel advised him that he was not eligible for judicial release; appellant did not offer any evidence as to the degree of importance he placed on judicial release eligibility in the plea bargaining process). For these reasons, we find appellant has failed to satisfy at least one prong of Strickland, and we cannot agree that his trial counsel was ineffective. Therefore, appellant's third assignment of error is overruled.
 {¶ 20} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and SADLER. JJ., concur. *Page 1