OPINION
{¶ 1} Defendant-appellant, John Sargent (hereinafter "Sargent"), appeals the decision of the Putnam County Court of Common Pleas, denying Sargent's Motion to Set Aside Guilty Plea. Although originally placed on the accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} On April 19, 1993, Sargent was indicted on four counts of Rape, in violation of R.C. 2907.02(A)(1)(b),[1] aggravated felonies of the first degree and one count of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. The victim was Sargent's then nine-year-old son. Sargent entered pleas of not guilty to all counts.
 {¶ 3} On June 21, 1993, Sargent appeared before the trial court and entered a negotiated plea of guilty to one count of Rape and one count of Gross Sexual Imposition. He was subsequently sentenced to a term of eight to twenty-five years in prison with two years to be served concurrently on the charge of Gross Sexual Imposition.
 {¶ 4} On June 16, 2004, Sargent filed a Motion to Set Aside Guilty Plea, alleging that his plea was not entered knowingly because he was not properly informed on judicial release. On October 20, 2004, the trial court denied Sargent's motion without a hearing.
 {¶ 5} It is from this decision that Sargent appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed an abused [sic] its discretion by denyingDefendant's second motion to set aside plea.
 {¶ 6} Sargent argues that the trial court erred in denying his motion to set aside his guilty plea without a hearing to consider the merits of his assertions. Sargent claims that his guilty plea was not entered knowingly because the trial court misrepresented his eligibility for super shock probation. Sargent contends that at the plea entry, the trial court stated he "may not be eligible" when, in fact, he argues he was ineligible. Therefore, Sargent claims his motion to set aside his plea had merit and the trial court erred in summarily denying it.
 {¶ 7} Crim.R. 32.1 governs a motion to withdraw a guilty plea and states in pertinent part:
A motion to withdraw a plea of guilty or no contest may be made onlybefore sentence is imposed or imposition of sentence is suspended; but tocorrect a manifest injustice the court after sentence may set aside thejudgment of conviction and permit the defendant to withdraw his plea.
 {¶ 8} Therefore, a defendant seeking to withdraw a guilty plea after sentence has been imposed must demonstrate a manifest injustice. Statev. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Although there is no time limit for filing a Crim.R. 32.1 motion, an undue delay between the occurrence of the alleged cause for the withdrawal of the plea and the filing of a Crim.R. 32.1 motion is a factor that affects the credibility of a defendant and weighs against allowing a defendant's plea to be withdrawn. Id. at paragraph three of the syllabus; State v. Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182. {¶ 9} In situations where the trial court considers a post-sentence motion to withdraw a guilty plea, a hearing is only required if the facts, alleged by the defendant and accepted as true, would require the trial court to permit withdrawal of the plea. State v. Xie
(1992), 62 Ohio St.3d 521, paragraph one of the syllabus. The issues of "good faith, credibility and weight" of the defendant's assertions in support of his motion are matters within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Id.; State v. Kattleman (Nov. 28, 2000), Auglaize App. No. 2-2000-25.
 {¶ 10} Although Sargent does not assert a particular reason why he was ineligible for "super shock probation," the general provisions for such release are set forth in R.C. 2947.061. At the time of Sargent's plea entry, an offender who was sentenced for the commission of an aggravated felony of the first, second, or third degree could be released on "super shock probation," after serving six months. The relevant section of R.C.2947.061 provides:
(B) Subject to sections 2951.02 to 2951.09 of the Revised Code * * *the trial court, upon the motion of the defendant, may suspend thefurther execution of the defendant's sentence and place the defendant onprobation upon the terms that, consistent with all required conditions ofprobation prescribed by division (C) of section 2951.02 of the RevisedCode, the court determines, if the defendant was sentenced for anaggravated felony of the first, second, or third degree, is not serving aterm of actual incarceration, is confined in a state correctionalinstitution, and files the motion at any time after serving six months inthe custody of the department of rehabilitation and correction.
 {¶ 11} Eligibility for probation is provided by R.C. 2951.02 et seq. R.C. 2951.02 states in pertinent part:
(F) An offender shall not be placed on probation and shall nototherwise have the offender's sentence of imprisonment suspended pursuantto division (D)(2) or (4) of section 2929.51 of the Revised Code when anyof the following applies:
 (4) The offense involved is a violation of section 2907.02 or 2907.12of the Revised Code.
 {¶ 12} In the case sub judice, Sargent pled guilty to Count I of the indictment, Rape, in violation of R.C. 2907.02(A)(1)(b), an aggravated felony of the first degree, an offense that is a specific exception to eligibility for probation, shock probation or super shock probation. SeeState v. Bistarkey (1996), 75 Ohio St.3d 7. Therefore, we accept Sargent's contention that he was ineligible for super shock probation on the count of Rape. This determination does not end our inquiry, however, as it does not conclusively indicate that Sargent's plea was not made knowingly or voluntarily.
 {¶ 13} Crim.R. 11 governs the trial court's acceptance of pleas and states in pertinent part:
(2) In felony cases the court may refuse to accept a plea of guilty ora plea of no contest, and shall not accept a plea of guilty or no contestwithout first addressing the defendant personally and doing all of thefollowing:
 (a) Determining that the defendant is making the plea voluntarily, withunderstanding of the nature of the charges and of the maximum penaltyinvolved, and, if applicable, that the defendant is not eligible forprobation or for the imposition of community control sanctions at thesentencing hearing.
 {¶ 14} The standard for determining if a trial court has properly accepted a plea is whether the court substantially complied with Crim.R. 11. State v. Stewart (1977), 51 Ohio St.2d 86. Substantial compliance with Crim.R. 11 means that under the "totality of the circumstances" the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 15} At the plea entry, in regard to the charges he was pleading guilty to, the trial court had the following exchange with Sargent:
The Court: Do you understand that the count in Count 1 [Rape] is anon-probationable count?
 Sargent: Yes, sir.
 The Court: Meaning that you would not be eligible for probation or forshock probation.
 Sargent: Yes, sir.
 The Court: Do you understand that you may not be eligible for supershock probation which you would have to file after a period of six monthsafter being incarcerated?
 Sargent: Yes, sir.
 The Court: You discussed this matter with your attorney?
 Sargent: Yes, I have.
 The Court: Do you fully understand what it is you are doing heretoday?
 Sargent: Yes, sir.
 {¶ 16} After review, we find that, despite Sargent's assertions, the record indicates that there was substantial compliance with the mandates of Crim.R. 11. Nothing in this exchange would lead us to believe that Sargent did not understand the implications of his guilty plea. The colloquy the trial court had with Sargent indicated that Sargent understood Rape was a non-probationable offense. Even if Sargent thought that he still could be eligible for super shock probation, the trial court informed him that he might not be eligible and Sargent entered his plea fully aware of that possibility, thereby demonstrating an intent to enter a guilty plea even in the event he would not be eligible for that type of probation. Moreover, he stated that he had discussed the matter with his trial counsel and fully understood his action of pleading guilty. For these reasons, we find there were no operative facts to support Sargent's motion to withdraw his guilty plea. Accordingly, the trial court did not abuse its discretion in denying Sargent's motion without holding a hearing.
 {¶ 17} Sargent's assignment of error is overruled.
 {¶ 18} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] The citations to statutory provisions contained herein are to the versions in effect in 1993, the time Sargent's crimes were committed.