OPINION
{¶ 1} Defendant, Michael White, appeals from his conviction and sentence for felonious assault, operating a motor vehicle under the influence of alcohol, and endangering children.
 {¶ 2} On August 21, 2004, Defendant drove his motor vehicle in excess of one hundred miles per hour on I-675 in Greene County while under the influence of alcohol. Driving his vehicle in a reckless manner, Defendant crossed all three lanes of traffic and ran several other vehicles off of the road. Defendant's two children were inside his vehicle at the time.
 {¶ 3} Defendant was indicted on one count of felonious assault, R.C.2903.11(A)(2), one count of operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1), and two counts of endangering children, R.C. 2919.22(C)(1). Pursuant to a plea agreement, Defendant entered guilty pleas to all of the charges. In exchange, the State recommended a four year prison sentence on the felonious assault charge, and further recommended that after Defendant had served two years of that sentence he be judicially released into an in-patient alcohol treatment program. Additionally, the State recommended that community control sanctions be imposed on all of the other offenses.
 {¶ 4} The trial court sentenced Defendant to four years for felonious assault and one year for operating a motor vehicle under the influence of alcohol, and ordered that those sentences be served consecutively. The trial court also sentenced Defendant to ninety days on each count of endangering children, and ordered those sentences to be served concurrently to each other and the other charges, for a total sentence of five years. The court also imposed upon Defendant a $2,500 fine and a lifetime suspension of his driver's license.
 {¶ 5} Defendant has timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "APPELLANT'S PLEA AGREEMENT WAS BREACHED AFTER HE ENTERED IT UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY."
 {¶ 7} Defendant argues that he did not receive the benefit of his plea bargain and that his guilty plea was not knowingly and voluntarily entered because he was led to believe that he would be sentenced to what the State had agreed to recommend; two years incarceration followed by release into a treatment program.
 {¶ 8} As part of the plea agreement, the State made several recommendations regarding sentencing, including that Defendant receive a four year prison sentence for felonious assault and that, after serving two years of that sentence, Defendant be judicially released into an in-patient drug/alcohol treatment program. During the plea hearing, the trial court reviewed the plea agreement with Defendant, including the State's various sentencing recommendations. The following exchange occurred:
 {¶ 9} "THE DEFENDANT: When I get out — I've never been in prison. I don't know. They just don't — do they set you up with a job? They just don't boot you out, you know what I mean? It would be really hard. And then the program — because I will be coming out of prison with no money, will there be a program that will accept me, I mean, as far as —
 {¶ 10} "THE COURT: I can answer that question for you. Yes, you will be accepted into the program. In fact, the Court will take care of all the particulars of arranging your entry into the program.
 {¶ 11} "THE DEFENDANT: All right.
 {¶ 12} * * *
 {¶ 13} "THE DEFENDANT: I'm just, you know, as far as — I understand I do need help, the program. I've been fighting this for a long time, the alcohol, you know, that part of it. I'm thankful as far as setting me up with that.
 {¶ 14} "THE COURT: Okay. Now, is what we discussed here, is this the entire understanding and agreement between you and the Prosecuting Attorney?
 {¶ 15} "THE DEFENDANT: Yes.
 {¶ 16} "THE COURT: All right. Now, I want you to understand that you are eligible for consideration for all of these options here, but you need to understand that by simply entering a plea of guilty in this particular case that does not automatically — this Court will not promise or guarantee you that this is the disposition that will occur in this case. Do you understand that? Do you know what I mean by that?
 {¶ 17} "THE DEFENDANT: Yes.
 {¶ 18} "THE COURT: Okay. I'm going to discuss with you shortly here about all the sentencing options available to the Court, so your plea is an informed plea and you fully understand the consequences of pleading guilty to all of these charges, but what I'm telling you is this is one way to dispose of this case. I make no guarantee or promise to you as the Court and as the Judge in this case as to exactly what disposition will occur. I may go with this, I may not go with this. Do you understand that?
 {¶ 19} "THE DEFENDANT: Yes.
 {¶ 20} "THE COURT: Okay. Let's discuss these options as to what are available to the Court by entering your plea. Now, you understand that by pleading guilty to these particular offenses you subject yourself to a ten and a half year sentence of imprisonment. In other words, that's the maximum prison sentence that could be imposed in this case, and the maximum fine would be $22,000. Do you understand that?
 {¶ 21} "THE DEFENDANT: Yes." (T. 9-10).
 {¶ 22} Defendant argues that the court's statements that "you will be accepted into the program" and that "the court will take care of all particulars" are assurances which caused him to believe that he would be so sentenced. The several disclaimers the court made concerning its sentencing authority undermine that contention, because the court clearly told Defendant that in accepting his guilty pleas the court was making no promise as to what sentence it would impose. However, per R.C. 2929.20(B), judicial release is distinct from sentencing because it operates to reduce a prison term the court has imposed. It is available only prospectively, after specified minimum amounts of time have been served in state custody, and upon motions timely filed. Further, the relief is available only on certain grounds and upon certain findings. R.C.2929.20(E), (H).
 {¶ 23} The potential for future judicial release does not ordinarily require explanation when a plea of guilty or no contest is offered. It occasioned comment here because of the State's agreed recommendation concerning judicial release and Defendant's questions regarding a program available on his judicial release. However, the issue of judicial release could be determined by the court only at a future time, and though the State had promised to recommend release the court was not bound to grant it. The statements the court made, quoted above, nevertheless suggest that judicial release would be resolved in Defendant's favor.
 {¶ 24} It seems clear that the prospect of judicial release and the recommendation the State promised to make were instrumental in inducing Defendant's guilty pleas. Because judicial release is a matter separate from the sentence it would impose, to which the court's disclaimers applied, we believe the court's further representations had the capacity to mislead Defendant concerning his prospects for judicial release. The record must affirmatively demonstrate that a plea of guilty or no contest was knowing, intelligent, and voluntary. Boykin v. Alabama (1969),395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. That is lacking here.
 {¶ 25} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 26} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT EXCESSIVELY AND IN A MANNER CONTRARY TO LAW."
 {¶ 27} Per R.C. 2953.08(G)(2), our standard of review on appeal is not whether the sentencing court abused its discretion. State v. Lofton
(Jan. 16, 2004), Montgomery App. No. 19852, 2004-Ohio-169; R.C.2953.08(G)(2). Rather, we may increase, reduce, or otherwise modify a sentence that is appealed or vacate the sentence and remand the matter for resentencing if we clearly and convincingly find either (1) that the record does not support the sentencing court's findings under the relevant statute, or (2) that the sentence is otherwise contrary to law.State v. Furrow (September 24, 2004), Champaign App. No. 03-CA-19,2004-Ohio-5272.
 {¶ 28} "Contrary to law" means that a sentencing decision manifestly ignores an issue or factor which a statute requires a court to consider. Griffin and Katz, Ohio Felony Sentencing Law (2002 Ed.), § T 9.7 "Where a sentencing court fails to make findings required in R.C. 2929.13 or R.C.2929.14, fails to engage in the seriousness and recidivism analysis required under R.C. 2929.12, or fails to set forth reasons when reasons are required in R.C. 2929.19, the sentence is contrary to law." Id., at p. 779, citing State v. Edmonson, 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 29} The trial court did not follow all of the State's sentencing recommendations in this case. After reviewing the presentence report and the principles and purposes of sentencing, and balancing the seriousness and recidivism factors in R.C. 2929.12, the trial court did not impose community control sanctions on counts two, three and four. Instead, the court imposed a combination of concurrent and consecutive terms of imprisonment which terms were well within permissible sentencing ranges and did not constitute the maximum allowable sentence for any of the offenses.
 {¶ 30} In challenging his sentence Defendant does not argue that the trial court failed to make the specific findings required by the applicable sentencing statutes, R.C. 2929.13 and 2929.14, or that it failed to set forth reasons for its findings when reasons are required by R.C. 2929.19, or that the court failed to engage in the seriousness and recidivism analysis required by R.C. 2929.12. Rather, Defendant argues that the sentence imposed was excessive or too harsh. In support of that contention, Defendant points out that his conduct did not result in any physical, psychological or economic harm, that he did not intend to cause any harm, that he expressed remorse for putting other people in danger and that he has not previously served a prison term.
 {¶ 31} Defendant's contention that his sentence is excessive is, in essence, a claim that the trial court was simply wrong in the conclusion that it reached as to the appropriate sentence in this case. That has nothing to do with whether the trial court failed to follow some required procedure to impose the sentence it selected, and thus whether the sentence is contrary to law. Defendant's excessive sentence claim is in reality an "abuse of discretion" claim that is not a proper ground for appeal, R.C. 2953.08(A), or a matter for which R.C. 2953.08(G) permits appellate review. State v. Furrow (Sept. 24, 2004), Champaign App No. 03-CA-19, 2004-Ohio-5272; State v. Ayers (Jan. 7, 2005), Greene App. No. 2004CA0034, 2005-Ohio-44.
 {¶ 32} The second assignment of error is overruled.
 Conclusion {¶ 33} Having sustained the first assignment of error, we will reverse and vacate Defendant's guilty pleas and the convictions and sentences the court entered thereon, and remand the case for further proceedings.
Wolff J. and Donovan, J., concur.