OPINION
{¶ 1} Defendant-appellant, Chad William Mitchell, appeals his conviction in the Trumbull County Court of Common Pleas following the entry of a guilty plea. For the following reasons, the trial court's judgment entry accepting Mitchell's guilty plea is affirmed.
 {¶ 2} On June 18, 2003, Mitchell was indicted for one count of kidnapping, one count of felonious assault, and seven counts of rape. The kidnapping, felonious assault, and three rape counts contained sexual motivation and sexually violent offender specifications. On July 24, 2003, Mitchell entered a plea of guilty to the following: one count of kidnapping, a felony of the first degree in violation of R.C. 2905.01(A)(3), (4) and (C); one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1) and (D); and three counts of rape, felonies of the first degree in violation of R.C.2907.02(A)(2) and (B).[1] The trial court nolled the remaining rape counts and the sexual motivation and sexually violent offender specifications. As part of the plea agreement, the State and Mitchell jointly recommended consecutive, three year prison sentences on each count for a total period of incarceration of fifteen years. Mitchell stipulated that he is a sexually oriented offender.
 {¶ 3} Mitchell's plea stated that a prison term is presumed necessary but not mandatory. The plea also stated that "the State will oppose judicial release." The plea contained a space to indicate that "the Defendant is not eligible for judicial release." This space, however, was left blank.
 {¶ 4} On July 29, 2003, the trial court sentenced Mitchell to serve consecutive prison terms of three years on each count, ordered Mitchell to pay the costs of prosecution, and ordered Mitchell to register as a sexually oriented offender for ten years upon release from incarceration.
 {¶ 5} Mitchell did not immediately appeal his conviction. In January 2004, Mitchell filed a petition for post conviction relief on the grounds that the imposition of consecutive sentences was contrary to law. The trial court denied Mitchell's petition on April 14, 2004.
 {¶ 6} On November 24, 2004, Mitchell filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A). On February 18, 2005, this court granted Mitchell leave. Mitchell filed the present appeal raising the following assignments of error:
 {¶ 7} "[1.] The trial court erred by accepting appellant's guilty plea which was not knowingly or intelligently made.
 {¶ 8} "[2.] The appellant received ineffective assistance of counsel in violation of his rights pursuant to theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 9} In the first assignment of error, Mitchell argues that his guilty plea was not knowingly or intelligently made because, in making the plea, Mitchell relied on trial counsel's erroneous advice that he might be eligible for judicial release.
 {¶ 10} At the plea hearing, Mitchell's trial counsel informed the court: "I have indicated to my client, right or wrong, that although he is going to serve basically fifteen years maximum sentence * * *, he is probably eligible for judicial release at some point in time. Since it is not mandatory time, I am not aware of a section of the Ohio Revised Code that precludes him from judicial release. * * * Technically, he might be eligible for early release, but if I had to bet money, it is going to be difficult to frame an argument that would allow him to be released early. Not impossible, and that is what I told him, but difficult." The trial court repeated trial counsel's advice regarding judicial release to Mitchell: "[T]here is the possibility. Whatever that might amount to. You wouldn't know until the proper time has passed and the case is presented. At this time, you are pleading to fifteen years, and the State, in this agreement, has stated that they will oppose any judicial release."
 {¶ 11} Mitchell, in fact, is not eligible for judicial release as he is serving a stated prison term of more than ten years. R.C. 2929.20(A) ("`eligible offender' [for purposes of judicial release] means any person serving a stated prison term of ten years or less").
 {¶ 12} The Ohio Rules of Criminal Procedure provide that a trial court "shall not accept a plea of guilty * * * without first addressing the defendant personally and * * * [d]etermining that the defendant is making the plea voluntarily, with understanding * * * of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions * * * [and] [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty * * *." Crim.R. 11(C)(2)(a) and (b). With respect to the non-constitutional requirements of Crim.R. 11(C)(2), a reviewing court must determine whether there was substantial compliance. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, citing State v. Stewart (1977),51 Ohio St.2d 86, 92.
 {¶ 13} The Ohio Supreme Court has stated that, "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."State v. Engle, 74 Ohio St.3d 525, 527, 1996-Ohio-179 (citations omitted). "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made." Nero,56 Ohio St.3d at 108, citing Stewart, 51 Ohio St.2d at 93, and Crim.R. 52(A).
 {¶ 14} Unless incorporated into a plea agreement, the trial court is not under an obligation to inform a defendant regarding his eligibility for judicial release. Hill v. Lockhart (1985),474 U.S. 52, 56 ("[w]e have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary"); Xie v. Edwards (C.A.6, 1994), No. 93-4385, 1994 U.S. App. LEXIS 23606, at *4 ("[p]arole eligibility is not a `direct consequence' of a conviction, and a defendant need not be informed of it") (citation omitted); cf.State v. Johnson (1988), 40 Ohio St.3d 130, 133 ("neither the United States Constitution nor the Ohio Constitution requires that in order for a guilty plea to be voluntary a defendant must be told the maximum total of the sentences he faces, or that the sentence could be imposed consecutively"). Judicial release, as with the former availability early release through parole, "is distinct from sentencing because it operates to reduce a prison term the court has imposed." State v. White, 2nd Dist. No. 04CA120, 2005-Ohio-5906, at ¶ 22. Thus, it is not the sort of "effect of the plea" of which a defendant must be informed before entering a plea. As the Ohio Supreme Court has recognized, "a defendant who bases a plea decision on parole eligibility will often be relying on a factor beyond the prediction of defense counsel, and beyond the actual control of a defendant." State v.Xie (1992), 62 Ohio St.3d 521, 524-525.
 {¶ 15} When a defendant is induced to enter a guilty plea by erroneous representations as to the applicable law, the plea has not been entered knowingly and intelligently. Engle,74 Ohio St.3d at 528 (defendant's plea predicated on her belief that she could appeal the trial court's rulings). As noted above, however, the defendant must demonstrate that he was prejudiced by the erroneous representation, i.e., that but for the misrepresentation regarding judicial release, he would not have entered the plea. Nero, 56 Ohio St.3d at 108 (however, the failure to inform a defendant of his constitutional rights presumptively renders a guilty plea involuntary and unknowing).
 {¶ 16} In the present case, there is no evidence to suggest that Mitchell's belief that he would be eligible for judicial release induced his guilty pleas. Mitchell's trial counsel expressed some uncertainty about Mitchell's eligibility for judicial release, but expressed the strong conviction that the possibility of release was unlikely. Similarly, the trial court emphasized that judicial release was only a "possibility" and that the State would oppose any attempt by Mitchell to obtain judicial release. The only representation regarding judicial release contained in the written plea agreement was that the State was opposed to it. In light of the trial court and trial counsel's representations, Mitchell could not have entertained any realistic expectation of judicial release. If, in fact, Mitchell subjectively held some such belief, there is not evidence of it in the record or that such belief was essential to his decision to plead guilty. Accordingly, we hold that the trial court substantially complied with the requirements of Crim.R. 11(C)(2) and that Mitchell was not prejudiced by the erroneous representation about his eligibility for judicial release. SeeState v. Sargent, 3rd Dist. No. 12-04-10, 2005-Ohio-2248, at ¶¶ 6-16 (trial court's misrepresentations about defendant's eligibility for super shock probation did not invalidate guilty plea where there was substantial compliance with the mandates of Crim.R. 11); State v. Skaggs, 6th Dist. No. WD-04-002,2004-Ohio-6653, at ¶¶ 9-12 (trial counsel's allegedly erroneous information regarding judicial release did not invalidate plea where the trial court otherwise complied with Crim.R. 11); Statev. Cvijetinovic, 8th Dist. No. 81534, 2003-Ohio-563, at ¶¶ 2-7 (guilty plea upheld where the record failed to demonstrate defendant relied upon trial court's misstatements about judicial release);[2] State v. Arce, 3rd Dist. No. 4-02-03, 2002-Ohio-7014, at ¶¶ 11-12 (guilty plea affirmed where there was no "reasonable probability" that trial counsel's misrepresentation about eligibility for judicial release induced defendant's plea); State v. Blackshear, 7th Dist. No. 00 C.A. 240, 2001-Ohio-3366, 2001 Ohio App. LEXIS 4253, at *3-*9 (under the totality of the circumstances, trial counsel's misrepresentation regarding eligibility for judicial release did not invalidate guilty plea).
 {¶ 17} Mitchell cites to several decisions by courts reversing guilty pleas where defendants have been misled regarding their eligibility for judicial release. We are not persuaded that these decisions are determinative of the present appeal. These cases are factually distinguishable for the reason that, in the plea agreements at issue therein, the expectation of early judicial release was a central factor in the agreement and intended as an inducement for entering the plea. See White,2005-Ohio-5906, at ¶ 24 (finding that "the prospect of judicial release and the recommendation the State promised to make were instrumental in inducing Defendant's guilty pleas"); State v.Horch, 154 Ohio App.3d 537, 2003-Ohio-5135, at ¶¶ 4, 7 (the written guilty plea, the trial court, and counsel for both parties erroneously stated that defendant would be eligible to apply for judicial release 180 days after entering a correctional institution); State v. Persons, 4th Dist. No. 02CA6, 2003-Ohio-4213, at ¶ 16 (defendant "pled guilty upon trial counsel's and the state's assurances that he would be eligible for judicial release after serving two years of his five-year sentence"); State v. Bush, 3rd Dist. No. 14-2000-44, 2002-Ohio-6146, at ¶¶ 4, 11 (plea agreement expressly stated that defendant would be "eligible for judicial release upon serving not less than 30 days nor more than 90 days, after entering a state correctional institution").
 {¶ 18} In the present case, trial counsel and the court dissuaded Mitchell from the expectation that he could obtain judicial release. Mitchell was misled only about the possibility of being eligible for judicial release, not about the probability of obtaining it.
 {¶ 19} Mitchell's first assignment of error is without merit.
 {¶ 20} Under the second assignment error, Mitchell claims that trial counsel's erroneous representation that he might be eligible for judicial release constitutes ineffective assistance of counsel.[3]
 {¶ 21} The Ohio Supreme Court has adopted a two-part test to determine whether an attorney's performance has fallen below the constitutional standard for effective assistance. To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding."State v. Madrigal, 87 Ohio St.3d 378, 388-389, citingStrickland v. Washington (1984), 466 U.S. 668, 687-688. The failure to prove any one prong of this two-part test makes it unnecessary for a court to consider the other prong. Id. at 389, citing Strickland, 466 U.S. at 697. "[I]n order to satisfy the `prejudice' requirement," in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59;Xie, 62 Ohio St.3d at 524 (citations omitted).
 {¶ 22} Our analysis of Mitchell's first assignment of error is essentially determinative of this assignment of error. Although trial counsel's advice was erroneous, Mitchell has failed to establish that, but for that erroneous advice, he would not have pled guilty to the reduced charges. This fact precludes a finding that counsel's performance prejudiced Mitchell just as it precludes the finding that Mitchell's plea was not knowingly and intelligently made.
 {¶ 23} During the plea colloquy, it was Mitchell's attorney, rather than Mitchell, who raised the issue of judicial release. Trial counsel further stated that his explanation of judicial release was prompted by Mitchell's question "what does this mean," asked in reference to the provision in the plea agreement that the State would oppose judicial release. The substance of Mitchell's attorney's comments was that, although technically possible, the State would oppose early release and there was little likelihood of Mitchell serving less than the recommended fifteen-year sentence. The trial court's address to Mitchell echoed trial counsel's statements. Rather than trying to induce Mitchell to enter a plea, trial counsel's statement was meant to dissuade Mitchell from relying on the possibility of judicial release. Cf. Xie, 62 Ohio St. at 525 ("a defendant who bases a plea decision on parole eligibility will often be relying on a factor beyond the prediction of defense counsel, and beyond the actual control of the defendant"). Mitchell has pointed to no other evidence in the record that he put any particular emphasis on his eligibility for judicial release as a factor in his decision to enter a plea.
 {¶ 24} Accordingly, Mitchell has failed to satisfy the prejudice element of the Strickland test. See Hill,474 U.S. at 60 ("[w]e find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel, because * * * petitioner's allegations are insufficient to satisfy the Strickland * * * requirement of `prejudice'"); Xie, 62 Ohio St.3d at 524-525; Arce,
2002-Ohio-7014, at ¶¶ 7-12; Blackshear, 2001 Ohio App. LEXIS 4253, at *9-*11. Mitchell's second assignment of error is without merit.
 {¶ 25} For the foregoing reasons, Mitchell's convictions, obtained by a guilty plea entered in the Trumbull County Court of Common Pleas, are affirmed.
Ford, P.J., O'Neill, J., concur.
[1] The plea is dated July 23, 2003, although the hearing transcript and subsequent court filings give the date as July 24, 2003. The plea was journalized by the trial court on July 28, 2003.
[2] Judge Kilbane's concurring opinion in Cvijetinovic
provides a perceptive analysis of this issue: "I agree that the record on appeal is insufficient to set aside the plea because there is no indication that Cvijetinovic relied on the judge's statements to his prejudice. These circumstances, however, are not unusual because the substantial compliance rule tends to defeat most guilty plea challenges on appeal unless prejudice is shown in the transcript of the plea hearing or the violation does not require a showing of prejudice. Where the record on appeal shows substantial compliance, the defendant still may challenge his plea through Crim.R. 32.1 if he can present evidence showing that he did not have the necessary subjective understanding of the plea's consequences." 2003-Ohio-563, at ¶ 23 (Kilbane, J., concurring) (citations omitted).
[3] We note that Mitchell's sentence was jointly recommended. Although the second assignment of error is presented as a claim of ineffective assistance of counsel, Mitchell is essentially challenging the voluntariness of his plea on the same grounds raised in the first assignment of error. While Mitchell's sentence is not subject to appellate review based on R.C.2953.08(D), the voluntariness of his guilty plea pursuant to Crim.R. 11(C) is reviewable. See State v. Scott, 11th Dist. No. 2003-T-0172, 2005-Ohio-689, at ¶ 3.