OPINION *Page 2 
{¶ 1} Defendant-appellant Lonny J. Aleshire, Jr. appeals from the December 1, 2006, Judgment Entry of the Licking County Court of Common Pleas overruling his Motion to Withdraw Guilty Plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was indicted by the Licking County Grand Jury on one count of rape, six counts of unlawful sexual conduct with a minor, and three counts of sexual imposition. The charges arose out of allegations of sexual misconduct during the years 2003 and 2004, made by two sisters who were under the age of 18 at the time. At the change of plea hearing appellant pled guilty to all counts, and the court found him guilty of the same. Upon acceptance of the plea, the court allowed the State to dismiss Case No. 05 CR 69, a second indictment filed against appellant which alleged sexual battery.
 {¶ 3} The plea forms reflect that the parties jointly recommended that appellant receive six years on the rape count. Further, it was recommended that one-year terms be imposed for each count of unlawful sexual conduct and six month terms for each count of sexual imposition. The one-year and six month terms would run concurrent to each other for a total of one year. This one year sentence would be run "consecutive to Case No. 05 CR 69," which was the case that the trial court allowed to be dismissed. The court departed from the recommendation as to the rape count and imposed a seven-year prison term for that count. The Court followed the one-year and six month recommendations for the remaining counts and ran all of the sentences concurrently. A mandatory five-year period of post-release control was also imposed. *Page 3 
 {¶ 4} On November 1, 2006, appellant filed a pro se Motion to Withdraw Plea of Guilty, to which he attached his own affidavit, the change of plea forms, and a letter from his trial counsel regarding his sentence. The State opposed the motion, and appellant filed a reply to the State's memorandum. Through an entry filed December 1, 2006, without holding a hearing on the matters raised in the Motion to Withdraw Plea of Guilty, the trial court denied the motion.
 {¶ 5} It is from the trial court's December 1, 2006 Judgment Entry that appellant now appeals, raising the following assignments of error:
 {¶ 6} "I. ALESHIRE'S MOTION TO WITHDRAW PLEA OF GUILTY WAS WRONGLY DENIED BY THE TRIAL COURT WITHOUT A HEARING."
 I. {¶ 7} In his sole assignment of error appellant maintains that the trial court erred in refusing to allow appellant to withdraw his negotiated guilty plea. In essence, appellant contends that he received ineffective assistance of trial counsel because he would not have agreed to plead guilty to a definite sentence had he known that he would not be eligible for judicial release and had he been advised before his plea that he would be subject to mandatory post-release controls after completing his seven (7) year term of actual incarceration. We disagree.
 {¶ 8} A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." United Statesv. Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 762. With respect to statements made during change of plea hearings, the United States Supreme Court has *Page 4 
stated: "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."Machibroda v. United States (1962), 368 U.S. 487, 497, 82 S.Ct. 510,515. Although the plea or sentencing proceedings record is imposing, it is not insurmountable. Id.
 {¶ 9} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus).
 {¶ 10} In Smith, supra, the Ohio Supreme Court, citing United Statesv. Semel (C.A. 4, 1965), 347 F.2d 228, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." Id. at 264.
 {¶ 11} Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the *Page 5 
public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" State v. Peterseim (1980),68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting Kadwell v. United States (C.A.9, 1963), 315 F.2d 667.
 {¶ 12} Challenges to guilty pleas based on allegations of ineffective assistance of counsel during the plea process are evaluated under the familiar two-pronged cause and prejudice test of Strickland v.Washington, 466 U.S. 668, 687-88, 694 (1984). Hill v. Lockhart,474 U.S. 52, 58 (1985). In order to satisfy the second prong in the context of a plea, appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. 366.
 {¶ 13} "A hearing on a post-sentence Crim. R. 32.1 motion is not required if the facts alleged by the defendant and accepted as true by the trial court would not require the court to permit a guilty plea to be withdrawn." State v. Wynn (1998), 131 Ohio App.3d 725, 728,723 N.E.2d 627, 629; State v. Blatnik (1984), 17 Ohio App.3d 201, 204,478 N.E.2d 1016, 1020.
 {¶ 14} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Xie (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. *Page 6 
 {¶ 15} Appellant contends that his trial counsel was ineffective for "misleading" him as to his eligibility for judicial release. In support of his motion in the trial court, appellant presented a letter from his trial counsel in which counsel informed appellant that he would be eligible for judicial release after serving five years of his sentence. While we agree with appellant that his trial counsel misinformed him as to his eligibility for judicial release, we do not agree with appellant's contention that he was prejudiced by said conduct. The record does not support appellant's contention that his guilty pleas were influenced by counsel's statement that he would be eligible to apply for judicial release.
 {¶ 16} Judicial release, as with the former availability early release through parole, "is distinct from sentencing because it operates to reduce a prison term the court has imposed." State v. White, 2nd Dist. No. 04CA120, 2005-Ohio-5906, at ¶ 22. Thus, it is not the sort of "effect of the plea" of which a defendant must be informed before entering a plea. As the Ohio Supreme Court has recognized, "a defendant who bases a plea decision on parole eligibility will often be relying on a factor beyond the prediction of defense counsel, and beyond the actual control of a defendant." State v. Xie (1992), 62 Ohio St .3d 521, 524-525. See, State v. Mitchell, 11th Dist. No. 2004-T-0139, 2006-Ohio-618 at ¶ 14.
 {¶ 17} At neither the plea portion of the hearing nor the sentencing phase of the hearing was there any mention, by either the trial court or trial counsel, regarding appellant's eligibility for judicial release. The State indicated to the trial court that this was a negotiated plea. (T. at 14). Appellant agreed. (Id.). After the State recited the underlying facts which led to appellant's indictment, the court inquired "Mr. Aleshire, do *Page 7 
you agree with the facts as presented?" (T. at 11). Appellant replied "Your Honor, I have no exception." (Id.). The trial court further informed appellant, prior to accepting his plea, "that there is a mandatory sentence in this case." (T. at 12). Appellant acknowledged that he understood. (Id.). Appellant acknowledged that the recommended sentence was for seven years. (T. 14). Appellant acknowledged to the trial court that, other than the State's dismissal of the Sexual Battery charge, and the recommendation of a seven year sentence no other promises were made. (T. at 14). Appellant further acknowledged that he was pleading guilty because he was guilty. (T. at 15).
 {¶ 18} At no time during either the plea or sentencing phase of the hearing, did appellant ask any questions regarding the penalties involved for the charges to which he was pleading guilty, nor did appellant inquire as to any possibilities for judicial release or applying for the same. Further, appellant admitted in his affidavit submitted in support of his motion to withdraw his guilty plea that the plea form he had signed contained an acknowledgement that he may have up to five years of post-release control. Upon being informed by the trial court that he was subject to a five-year period of post-release controls, appellant did not indicate his disapproval or confusion to the trial court.
 {¶ 19} Appellant had a powerful incentive to enter a guilty plea, even with the understanding that he would serve seven years and would be subject to a five-year period of post-release control. Appellant was originally indicted on six counts of Unlawful Sexual Conduct with a Minor, felonies of the third degree which carried a minimum sentence of one year to a maximum sentence of five years for each count; *Page 8 
one count of Rape, a felony of the first degree, with a minimum sentence of three years and a maximum sentence of ten years; and one count of Sexual Battery, also a felony of the third degree. Thus, appellant was facing, if convicted, a maximum potential sentence of forty-five (45) years incarceration. In exchange for his plea of guilty, the State dismissed the Sexual Battery charge, and recommended a sentence of seven years. The evidence against appellant included not only the testimony of the two minor victims, but also inculpatory telephone conversations between appellant and one of the victims, and DNA evidence placing appellant's seamen on the carpet of the church in a location where one of the victims indicated that she and appellant had engaged in sexual activity. We would further note that appellant's letter written by his trial counsel explaining appellant would be eligible for judicial release was written after appellant had entered his plea. See, Ramos v.Rogers (1999), 170 F.2d 560, 565. Appellant does not maintain that he was told he would be eligible for judicial release only if he pleaded guilty, nor has he otherwise indicated any "special circumstances" that might support a reasonable inference that judicial release was particularly important. Hill, 474 U.S. at 60.
 {¶ 20} Appellant's misunderstanding as to post-release control appears equally applicable either to going to trial or pleading guilty. Since post-release control was mandatory in either eventuality, appellant "failed to allege the kind of prejudice from the allegedly incompetent advice that would have entitled him to a hearing." Hill, 474 U.S. at 53.
 {¶ 21} If, in fact, appellant subjectively held some such belief, either that he would be eligible for judicial release or that he would not receive post-release controls, there is not evidence of it in the record or that such belief was essential to his decision *Page 9 
to plead guilty. "[Petitioner] wants us to rely on his allegedsubjective impression of what his plea bargain was, rather than the bargain outlined in the record. The record in the case indicates that [Petitioner] responded negatively (and, he wants us to believe,untruthfully) to a judge's inquiry as to whether any promises had been made to him in order to get him to so plead.
 {¶ 22} "If we were to rely on [Petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioner's such as Ramos from making the precise claim that is today before us. Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry". Ramos v. Rogers, 170 F.3d at 566 (emphasis in original, and citing Baker v. United States, 781 F.2d 85, 90). There is no constitutional or inherent right to be released before the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal Correctional Complex (1979), 442 U.S. 1, 7, 97 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675; State ex rel. Hogan v. Ghee (1999), 85 Ohio St.3d 150,151, 707 N.E.2d 494, 495.
 {¶ 23} Accordingly, we hold that the trial court substantially complied with the requirements of Crim.R. 11(C) (2) and that appellant was not prejudiced by the erroneous representation about his eligibility for judicial release. See State v. Sargent, 3rd Dist. No. 12-04-10,2005-Ohio-2248, at ¶ 6-16 (trial court's misrepresentations *Page 10 
about defendant's eligibility for super shock probation did not invalidate guilty plea where there was substantial compliance with the mandates of Crim.R. 11); State v. Skaggs, 6th Dist. No. WD-04-002,2004-Ohio-6653, at ¶ 9-12 (trial counsel's allegedly erroneous information regarding judicial release did not invalidate plea where the trial court otherwise complied with Crim.R. 11); State v.Cvijetinovic, 8th Dist. No. 81534, 2003-Ohio-563, at ¶ 2-7 (guilty plea upheld where the record failed to demonstrate defendant relied upon trial court's misstatements about judicial release); State v. Arce, 3rd Dist. No. 4-02-03, 2002-Ohio-7014, at ¶ 11-12 (guilty plea affirmed where there was no "reasonable probability" that trial counsel's misrepresentation about eligibility for judicial release induced defendant's plea); State v. Blackshear, 7th Dist. No. 00 C.A. 240, 2001-Ohio-3366 (under the totality of the circumstances, trial counsel's misrepresentation regarding eligibility for judicial release did not invalidate guilty plea). State v. Mitchell, supra at ¶ 16.
 {¶ 24} Given the record, we further find that appellant has failed to demonstrate that he was prejudiced by the trial court's failure to inform him prior to accepting his plea concerning mandatory post-release control. In other words, we do not find that appellant is able to demonstrate that, but for the trial court's error, he would not have entered the plea of guilty, and insisted on going to trial.
 {¶ 25} Appellant has failed to establish a manifest injustice warranting the withdrawal of his guilty plea. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324.
 {¶ 26} Appellant's sole assignment of error is overruled. *Page 11 
 {¶ 27} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.
 By Gwin, P.J., Wise, J., and Edwards, J., concur *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1