OPINION
{¶ 1} Defendant-appellant, Danny Coffey, appeals the decision of the Clermont County Common Pleas Court denying his motion to withdraw a guilty plea. We affirm.
 {¶ 2} On December 3, 1997, appellant was indicted by the Clermont County grand jury on eight counts: Counts 1 and 2 for rape, a first-degree felony pursuant to R.C. 2907.02(A)(2); Counts 3 and 6 for kidnapping and not releasing the victim in a safe place unharmed, a first-degree felony pursuant to R.C.2905.01(A)(4); Count 4 for aggravated robbery, a first-degree felony pursuant to R.C. 2911.01(A)(1); Count 5 for attempted rape, a second-degree felony pursuant to R.C. 2923.02(A) and2907.02(A)(2); Counts 7 and 8 for felonious assault, second-degree felonies pursuant to R.C. 2903.11(A)(2) and R.C.2903.11(A)(1) respectively. All counts, with the exception of Count 4, included a sexually violent predator specification pursuant to R.C. 2941.148 and a sexual motivation specification under R.C. 2941.147.
 {¶ 3} As part of a plea agreement, Counts 2, 6, and 8 were dismissed by the state and all specifications were deleted. On February 4, 1998, the court held a Crim.R. 11 hearing at which appellant entered a guilty plea to the remaining Counts. On February 23, 1998, the trial court sentenced appellant to a ten-year prison term for Count 1 and eight-year terms for Counts 3, 4, 5, and 7. The court ordered Counts 4 and 5 to be served consecutively to Count 1 and Counts 3 and 7 to be served concurrently with Counts 1 and 5 respectively. Appellant's sentence totaled 26 years.
 {¶ 4} On February 2, 2004, nearly six years after this sentence was imposed, appellant filed a motion to withdraw his guilty plea. At a hearing on the motion to withdraw, appellant testified that his previous attorneys informed him that his options at the 1998 hearing were life in prison or a guilty plea to 26 years. He was also told that he would be eligible for judicial release in five years. Appellant further stated that his attorneys, for reasons unknown to him, advised him to wait ten years before filing a motion for judicial release. However, under R.C. 2929.20(A)(1)(a), appellant in fact was not eligible for judicial release because his aggregate sentence was in excess of ten years. The court issued a decision denying appellant's motion to withdraw in August 2004 and entered its judgment on September 10, 2004. Appellant now appeals raising two assignments of error.
 {¶ 5} In his first assignment of error, appellant argues that he did not knowingly, intelligently, and voluntarily enter his guilty plea. Appellant maintains that he relied upon the erroneous advice of his counsel regarding his eligibility for judicial release when he made his decision to plead guilty.
 {¶ 6} Crim.R. 32.1 states that a trial court may grant a post-sentence motion to withdraw a guilty plea to correct manifest injustice. A defendant seeking to withdraw his guilty plea after sentence has the burden of establishing the existence of manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261,264. Manifest injustice is defined as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203, 208,1998-Ohio-271. This standard permits a defendant to withdraw his guilty plea post-sentencing only in extraordinary cases. Smith at 264.
 {¶ 7} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Id. at paragraph two of the syllabus. Thus, an appellate court will not reverse the trial court's decision absent an abuse of discretion. State v. Xie (1992),62 Ohio St.3d 521, 526. An abuse of discretion connotes more than an error in law or judgment; it implies the court's attitude is arbitrary, unreasonable or un-conscionable. Id. at 527, citing State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 8} After a review of the record, we find that appellant has failed to establish the existence of a clear or openly unjust act that would warrant granting his post-sentence motion to withdraw his guilty plea. The trial court conducted a thorough colloquy to ensure appellant was aware of the nature of the charges and the effects of his plea. With each count, the court explained the charge and described the possible sentence it carried including any applicable fine. The court stated that it could order the sentences of each charge to be served consecutively or concurrently. Appellant repeatedly responded that he understood the trial court's explanations.
 {¶ 9} Despite appellant's contention that he relied on his counsel's advice concerning potential judicial release, the court provided clear detail as to the sentencing effects of the guilty plea in the following exchange:
 {¶ 10} "THE COURT: All right. You also understand that if I sentence you to a period of time in the penitentiary — and there is a presumption that you'll be incarcerated with respect to this — that you would not receive any credit for good behavior in the penitentiary. Do you understand that?
 {¶ 11} "THE DEFENDANT: Yes.
 {¶ 12} "THE COURT: In other words, if I give you a definite term of years, you'll serve that period; you won't get any time off for good behavior. Do you understand that?
 {¶ 13} "THE DEFENDANT: Yes."
 {¶ 14} The court then detailed post-release control, even including an example in explanation after appellant expressed that he did not understand the concept. The court advised appellant of the consequences of being determined to be a sexually-oriented offender or sexual predator. Afterwards, the court explained the constitutional rights appellant was waiving by pleading guilty, including the right to a jury trial, the right to confront witnesses, and the right to remain silent. Appellant was asked whether he was promised anything or threatened in any way to which he replied that he was neither promised nor threatened. Appellant entered his guilty plea. He also signed a written plea form.
 {¶ 15} In State v. Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002, this court found that a criminal defendant voluntarily entered a guilty plea despite an erroneous statement by his counsel that the defendant was aware that he may eventually be eligible for judicial release, a nonconstitutional right. The trial court substantially complied with statutory requirements and did not misinform Henderson. Accordingly, the court found Henderson objectively understood the implications of his plea.
 {¶ 16} In the case at bar, the court properly informed appellant of the nature of the charges, the consequences of his plea, and the constitutional rights he was foregoing. We do not find there was a manifest injustice to be corrected. Appellant's first assignment of error is overruled.
 {¶ 17} In appellant's second assignment of error, he argues that he received ineffective assistance of counsel because his trial attorneys advised him that he would be eligible for judicial release five years after his conviction. We disagree.
 {¶ 18} To establish a claim of ineffective assistance of counsel concerning a motion to withdraw guilty plea, appellant must show (1) his counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty. State v. Xie,62 Ohio St.2d at 524, citing Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366
(applying Strickland to guilty pleas). Again, we review the trial court's decision using an abuse of discretion standard. Id. at 525.
 {¶ 19} Appellant satisfies the first prong of the Strickland test, namely that his trial counsel provided erroneous information regarding judicial release. In addition to testifying that his trial counsel told him that he would be eligible for judicial release after five years, appellant introduced evidence that the Clermont County Public Defender's office suggested that he file a motion for judicial release after serving ten years of his sentence. As mentioned previously, appellant was not eligible for judicial release because of the 26-year sentence imposed by the court.
 {¶ 20} However, appellant fails to satisfy the second prong of Strickland. Appellant did not show at the hearing to vacate his plea that he would have pleaded not guilty had counsel advised him that he was not eligible for judicial release. Appellant did not offer any evidence as to the degree of importance he placed on judicial release eligibility in the plea-bargaining process. At the motion to withdraw hearing, the trial court asked appellant whether he understood before sentencing that he was going to receive a 26-year sentence. Appellant responded that he "knew [he] was either going to be doing 26 years in prison or life."
 {¶ 21} The trial court considered appellant's contention and was not convinced that the misinformation justified vacation of the plea. We find no evidence that the trial court abused its discretion in making that determination. Appellant therefore did not receive ineffective assistance of counsel and his second assignment of error is overruled.
 {¶ 22} Judgment affirmed.
Walsh, P.J., and Young, J., concur.