OPINION *Page 2 
{¶ 1} Appellant Craig Owens appeals his conviction in the Mahoning County Court of Common Pleas for involuntary manslaughter and aggravated robbery on grounds of ineffective assistance of counsel. Appellant contends that his counsel was ineffective during the plea negotiations by failing to point out that key prosecution witnesses had criminal charges pending against them and were no longer credible witnesses. Appellant suggests that he may not have entered a plea if he had known that the prosecutor's case had been weakened. The record reflects that the prosecutor fully explained at the plea hearing that certain post-indictment events affected the credibility of some of its witnesses, and that this "weakened our case a bit." (1/5/07 Tr., p. 18.) The prosecutor believed, though, that the state continued to have a strong case if it went to trial. The trial court asked Appellant if he still wanted to change his plea from not guilty to guilty, and Appellant agreed. Thus, the record does not support Appellant's argument in this regard.
 {¶ 2} Appellant also claims that his counsel was ineffective because he erroneously raised the possibility of judicial release at the end of the sentencing hearing. There is no indication in the record that the possibility of judicial release played any part in the plea process, leading us to determine that Appellant suffered no prejudice when his counsel mentioned after sentencing that he would file a motion for judicial release even though judicial release was not an option in this case. Appellant cannot establish ineffective assistance of counsel without a showing of prejudice. There are no reversible errors in this case, and Appellant's conviction and sentence are affirmed. *Page 3 
 CASE BACKGROUND {¶ 3} On May 12, 2005, Appellant was indicted on two counts of aggravated murder and one count of aggravated robbery, along with firearm specifications. He was alleged to have shot and killed a man named Efrin Brown during a robbery that occurred on April 16, 2004. Mr. Brown was lured to the Kendis Circle Apartments by three female codefendants. Once there, Appellant and another codefendant, Cedric Phillips, tied up Mr. Brown and robbed him. Mr. Brown struggled and tried to escape, at which time he was struck. He was carried to an abandoned apartment and was left alone with Appellant. The three female codefendants then heard a shot and heard Appellant running from the apartment. The three female codefendants found Mr. Brown dead from a single gunshot wound to the head.
 {¶ 4} The state intended to prove its case by relying on the statements of four individuals who had different recollections of the events of the crime, as well as on statements made by Appellant himself. (3/9/07 Tr., p. 5.) While the case was pending, three of the state's witnesses were indicted for a variety of unrelated crimes, including murder and rape, which created significant credibility issues for those witnesses. The fourth witness recanted his statement to the police and then refused to cooperate. The state subsequently worked out agreements so that the three female codefendants would testify against Appellant instead of the originally planned witnesses. (3/9/07 Tr., p. 5.)
 {¶ 5} Appellant and the prosecution entered into Crim. R. 11 plea negotiations. The parties agreed that Appellant would plead guilty to involuntary *Page 4 
manslaughter, R.C. 2903.04(A), and aggravated robbery, R.C. 2911.01(A)(3), along with firearm specifications. A plea hearing was held on January 5, 2007. The prosecutor explained that his agreement to the plea was motivated, in part, by the fact that some of its witnesses lost potential credibility after they were indicted. The prosecutor then decided to rely on accomplice testimony to support its case, which weakened its case "a bit" but still left a strong case to present at trial. The state recommended ten years in prison for involuntary manslaughter, five years for aggravated robbery, and three years for the firearm specifications, to be served consecutively for a total of 18 years in prison. The trial judge reviewed the plea agreement with Appellant. The judge explained the rights Appellant was waiving in entering the plea, the nature of the charges, and the information that the state's case had been weakened. Appellant indicated he had a firm understanding of the proceedings and the plea, and entered a plea of guilty. A sentencing hearing was held on March 9, 2007. The court sentenced Appellant to 18 years in prison as recommended by the prosecutor. This timely appeal followed.
 ASSIGNMENT OF ERROR {¶ 6} "APPELLANT CRAIG OWENS' SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN HIS TRIAL COUNSEL FAILED TO INFORM MR. OWENS PRIOR TO ENTERING HIS GUILTY PLEA OF A MATERIAL CHANGE IN THE PROSECUTION'S CASE AND MISREPRESENTED TO MR. OWENS THAT HE WOULD BE ELIGIBLE FOR JUDICIAL RELEASE PER R.C. § 2929.20." *Page 5 
 {¶ 7} Appellant alleges ineffective assistance of counsel on two grounds: failure of his counsel to notify him of changes in the strength of the state's case, and counsel's comment that he would file for judicial release when judicial release was not an option in light of the sentence imposed. Under the Sixth Amendment to the United States Constitution, a criminal defendant has a right to effective assistance of counsel. Counsel is ineffective if: 1) his or her performance is deficient; and 2) if prejudice arose from counsel's performance.State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of syllabus, following Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show deficient performance, a defendant must prove that his counsel's performance fell below an objective level of reasonable representation. Bradley at 142. Stated another way, the court must determine if, "there has been a substantial violation of any of defense counsel's essential duties to his client." State v. Lytle (1976), 48 Ohio St.2d 391, 396,358 N.E.2d 623, vacated on other grounds (1978), 438 U.S. 910, 98 S.Ct. 3135,57 L.Ed.2d 1154.
 {¶ 8} To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. 2052,80 L.Ed.2d 674. In the context of a guilty plea, "in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would *Page 6 
have insisted on going to trial." Hill v. Lockhart (1985), 474 U.S. 52,59, 106 S.Ct. 366, 88 L.Ed.2d 203; see also, State v. Xie (1992),62 Ohio St.3d 521, 524, 584 N.E.2d 715; Annotation, Adequacy of Defense Counsel's Representation of Criminal Client Regarding Plea Bargaining (1981), 8 A.L.R.4th 660. "[T]he mere fact that, if not for the alleged ineffective assistance, the defendant would not have entered the guilty plea, is not sufficient to establish the necessary connection between the ineffective assistance and the plea; instead, the ineffective assistance will only be found to have affected the validity of the plea when it precluded the defendant from entering the plea knowingly and voluntarily." State v. Sopjack (Dec. 15, 1995), 11th Dist. No. 93-G-1826; accord State v. Doak, 7th Dist. Nos. 03 CO 15, 03 CO 31,2004-Ohio-1548.
 {¶ 9} "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, supra. at 686.
 {¶ 10} The defendant has the burden of proof to prove ineffectiveness because in Ohio, a properly licensed attorney is presumed competent.State v. Calhoun (1999), 86 Ohio St.3d 279, 289, 714 N.E.2d 905. In order to overcome this presumption, the appellant must submit sufficient operative facts or evidentiary documents that demonstrate that he or she was prejudiced by the ineffective assistance. State v. Davis (1999),133 Ohio App.3d 511, 516, 728 N.E.2d 1111. *Page 7 
 {¶ 11} Concerning the first issue, whether counsel told Appellant about changes in the strength of the state's case, there is nothing in the record indicating that counsel gave Appellant any erroneous advice or information about the state's evidence. The record is silent regarding this matter, and in a silent record, the presumption of competence prevails. Furthermore, the record is quite clear that the prosecutor explained at the plea hearing that there were problems with some of the state's witnesses and that the state's case was weakened. All of this was explained by the prosecutor prior to Appellant entering his plea and prior to the court accepting the plea. The prosecutor did not state that the case had fallen apart or could not be won. He simply stated that it was weakened "a bit" due to some credibility issues with some of its witnesses, but that the state still had a strong case. Appellant did not act surprised at this information, or ask any questions about the evidence, or express any reservations about the plea in light of the change in the type of witness testimony that the state was prepared to use at trial. Because Appellant was actually informed of the type of evidence against him prior to entering his plea, it is clear that he made his plea knowingly, intelligently and voluntarily.
 {¶ 12} Regarding the second issue, counsel's comment about judicial release, the entire argument appears to be based on an off-hand comment made by counsel at the very end of the sentencing hearing after the sentence had already been rendered. Counsel stated: "I also advised Mr. Owens that at the appropriate time I'll prepare a motion for judicial release for the Court to make a determination[.]" (3/9/07 Tr., p. 26.) Nothing in the record indicates that counsel made any promises about *Page 8 
judicial release, or expressed a belief that judicial release was likely. According to R.C. 2929.20(B)(2)-(4), a person convicted of a first degree felony may apply for judicial release only if the stated prison term is not more than ten years. Prior to sentencing, it was possible that Appellant could have received less than a 10-year prison term. Assuming arguendo that the trial court might have imposed two minimum prison terms for the two first degree felony counts, to be served concurrently, and one term for the gun specification to be served consecutively, Appellant could have received a prison term of less than ten years. He would have been eligible for judicial release after serving five years. R.C. 2929.20(B)(4). Thus, it was certainly appropriate for his counsel to discuss the possibility of judicial release prior to sentencing, remote as that possibility might have been. It was error, though, for counsel to imply that judicial release was still possible after a sentence had been rendered that did not allow for judicial release.
 {¶ 13} Despite counsel's error, there is no indication in the record that Appellant actually had an expectation of judicial release prior to entering his plea, or that some expectation of judicial release induced the plea in any way. In order to demonstrate that counsel's error provoked a plea that was made without knowledge or was involuntary, the defendant must show that he relied on the misrepresentation or that it somehow induced his plea. State v. Hamed (1989), 63 Ohio App.3d 5, 8,577 N.E.2d 1111. Erroneous information about judicial release, in and of itself, is not a basis for invalidating a plea or a basis for establishing ineffective assistance of counsel. State v. Pape (Nov. 21, 2001), 2nd Dist. No. 2000 CA 98. As the Twelfth *Page 9 
District Court of Appeals held, "Appellant did not show at the hearing to vacate his plea that he would have pleaded not guilty had counsel advised him that he was not eligible for judicial release. Appellant did not offer any evidence as to the degree of importance he placed on judicial release eligibility in the plea-bargaining process. * * * Appellant therefore did not receive ineffective assistance of counsel[.]" State v. Coffey, 2005-Ohio-3908, 12th Dist. No. CA2004-09-070, ¶ 20-21.
 {¶ 14} In the instant case the trial court fully informed Appellant of the rights he was waiving in entering a guilty plea, and that sentencing was completely up to the discretion of the judge regardless of the recommendations of counsel or of the prosecutor. The court told Appellant he was facing up to two prison terms of ten years each, and one three-year mandatory prison term for the firearm specification. The judge did not mention whether judicial release was at all possible. In fact, the issue did not arise at all at the plea hearing. There is no mention of judicial release in Appellant's written plea agreement, either. The only reference to it in the record is the one off-hand comment made by Appellant's counsel, after sentence had been announced, that he would file a motion for judicial release at the appropriate time.
 {¶ 15} There is no indication that judicial release played any part in the plea or sentencing process. Because there is absolutely no evidence of record that Appellant would not have entered a plea absent his counsel's comment about filing a motion for judicial release, there is no basis for finding ineffective assistance of counsel. *Page 10 
 {¶ 16} In conclusion, the record does not support Appellant's arguments regarding ineffective assistance of counsel. Appellant was fully aware of the relative strength of the state's case when he entered his plea, and there is no indication that his counsel gave him any erroneous information about the state's evidence and witnesses. The record fails to show any prejudice to Appellant with respect to counsel's brief comment made after sentencing that he would file a motion for judicial release. There is nothing in the record showing that the possibility of judicial release had any bearing on the plea process, or that it was even discussed. Appellant's sole assignment of error is overruled, and the conviction and sentence are hereby affirmed.
Donofrio, J., concurs.
 Vukovich, J., concurs. *Page 1