[Cite as *State v. Howard*, 2016-Ohio-40.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 2015-CA-25 |
| | : | 2015-CA-26 |
| v. | : | |
| | : | Trial Court Case Nos. 2014-CR-0668 |
| DERON HOWARD | : | 2014-CR-0808 |
| | : | |
| *Defendant-Appellant* | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of January, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

KRISTIN L. ARNOLD, Atty. Reg. No. 0088794, 120 West Second Street, Suite 1502, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Deron Howard, appeals from his conviction in the Clark County Court of Common Pleas after he pled guilty to one count of burglary. In support of his appeal, Howard contends he received ineffective assistance of trial counsel. Howard also challenges the trial court's decision overruling his motion to withdraw his guilty plea. For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

**{¶ 2}** On October 20, 2014, Howard was indicted on one count of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree, and one count of burglary in violation of R.C. 2911.12(A)(3), a felony of the third degree. The charges stemmed from allegations that on December 16, 2013, Howard broke into a residence at 912 Oak Street in the city of Springfield, Clark County, Ohio, wherein he stole video games and a video game system. The charges arose after La'Shonda Lynn, the victim's next-door-neighbor, identified Howard in a photo array as an individual she saw inside the residence on the day of the alleged burglary. Howard's blood was also discovered at the crime scene on shards of glass from a broken window pane.

**{¶ 3}** Howard initially pled not guilty to the charges and the matter proceeded to a jury trial on February 19, 2015. However, following jury selection, Howard decided to accept a plea bargain, whereby he agreed to plead guilty to burglary in violation of R.C. 2911.12(A)(2) in exchange for the State dismissing the second count of burglary in violation of R.C. 2911.12(A)(3). At the time he entered his guilty plea, Howard was aware

that his blood was found at the scene of the burglary, as testing performed by both the State and Howard's own DNA expert confirmed the blood was Howard's.

{¶ 4} After Howard's guilty plea, the trial court scheduled his sentencing hearing for March 18, 2015. However, a day before the hearing, Howard filed a motion to withdraw his plea. As a result, the trial court held a full hearing on Howard's motion on the day of the sentencing hearing. During that hearing, the trial court permitted Howard and his counsel to explain Howard's reasons for wanting to withdraw his guilty plea.

{¶ 5} Specifically, Howard told the court that prior to trial, he believed that the victim's husband, Shawn Thompson, was going to provide exculpatory testimony at trial, and that he rejected the State's initial plea offer as a result. However, Howard claimed that on the day of trial, he learned that Thompson was not going to provide the testimony he anticipated. In addition, Howard claimed that he learned that La'Shonda Lynn was not going to be called as a witness by the State because her location could not be verified. According to Howard, Lynn would have testified that the individual she saw in the residence looked taller and older than him, despite her previously identifying him as the intruder. As a result, Howard claimed he had to "plead out" because he "did not want to waste the Court's time" and "did not want to go to trial without the proper defense and witnesses[.]" Plea-Withdrawal Hearing/Sentencing Hearing Trans. (Mar. 18, 2015), p. 9-10, 14.

{¶ 6} Although Howard expected Lynn's testimony to favor his case, Howard's trial counsel explained that he did not subpoena her attendance at trial due to the fact that Howard had just recently disclosed his alleged knowledge of Lynn's current location, as well as his desire for her to testify. Howard's trial counsel further stated that Lynn's

testimony would not "discount the DNA evidence or anything like that so I don't know in all honestly how much that would affect the trial based upon my experience[.]"   *Id.* at 5.

{¶ 7} After considering the parties' statements and the circumstances underlying Howard's motion to withdraw his guilty plea, the trial court overruled Howard's motion and proceeded to sentencing.   The trial court then sentenced Howard to seven years in prison for the burglary conviction, which was ordered to run consecutively to a thirty-month prison sentence he received in Case No. 14 CR 808, an eighteen-month prison sentence he received in Case No. 11 CR 820, and a nine-month prison sentence he received in Case No. 14 CR 418.

{¶ 8} On March 24, 2015, Howard appealed from his burglary conviction, as well as his conviction for two counts of receiving stolen property in Case No. 14 CR 808.   This appeal, however, only focuses on the burglary conviction under Case No. 14 CR 668. Howard raises two assignments of error for our review.


**First Assignment of Error**

{¶ 9} Howard's First Assignment of Error is as follows:

APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO

SUBPOENA A WITNESS THAT COULD HAVE TESTIFIED IN FAVOR OF

THE DEFENSE.

{¶ 10} Under his First Assignment of Error, Howard contends his trial counsel was ineffective in failing to subpoena La'Shonda Lynn to appear and testify at trial on his behalf.   Specifically, Howard claims that his trial counsel's failure to subpoena Lynn prevented him from presenting her *potential* testimony that she saw an individual taller

and older than Howard inside the residence on the day of the burglary. Howard further claims that if Lynn had been called to testify, he would have had a stronger defense and would have continued with his trial as opposed to accepting the State's plea offer and pleading guilty.

{¶ 11} To establish ineffective assistance of counsel, Howard must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus. To prove prejudice Howard must demonstrate that counsel's errors were serious enough to create a reasonable probability that, but for the errors, the result of trial would have been different. *Id.*; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶ 12} Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 58, citing *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992).

{¶ 13} " 'Normally, an attorney's failure to subpoena witnesses [is] within the realm of trial tactics and, absent a showing of prejudice, [is] not deemed a denial of effective assistance of counsel, and especially in the absence of any showing that the testimony of such a suggested witness would have assisted the defense.' " *State v. Hill*, 2d Dist.

Montgomery No. 23468, 2010-Ohio-500, ¶ 18, quoting *State v. Maxwell*, 2d Dist. Montgomery No. 13966, 1993 WL 393835, *4 (Oct. 7, 1993). (Internal citations omitted.)

{¶ 14} In this case, we find it is purely speculative that Lynn would have testified in the manner Howard claims. This is especially true since Lynn, who was originally a witness of the State, identified Howard as the offender in a photo array. Furthermore, it is undisputed that Howard's DNA matched the DNA from the blood found on the broken window pane at the scene of the burglary. In turn, even if Lynn had appeared and offered testimony that the offender looked older and taller than Howard, Howard cannot demonstrate that such testimony would have had an impact at trial given the other strong evidence against him. Therefore, not only does subpoenaing Lynn fall within the realm of trial tactics, but Howard has also failed to establish that Lynn's testimony would have assisted his defense. Accordingly, Howard cannot demonstrate that he was prejudiced by his trial counsel's failure to subpoena Lynn. For the foregoing reasons, Howard's ineffective assistance of counsel claim must fail.

{¶ 15} Howard's First Assignment of Error is overruled.

**Second Assignment of Error**

{¶ 16} Howard's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA.

{¶ 17} Under his Second Assignment of Error, Howard challenges the denial of his motion to withdraw his guilty plea.

{¶ 18} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no

contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." We review such a ruling for an abuse of discretion, which typically involves a failure to exercise sound, reasonable, and legal decision-making. *State v. Patterson*, 2d Dist. Montgomery No. 26015, 2014-Ohio-4962, ¶ 5, citing *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27.

{¶ 19} The Supreme Court of Ohio has said that under Crim.R. 32.1, " 'motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality[.]' " *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992), quoting *Barker v. United States*, 579 F.2d 1219 (10th Cir.1978) and *State v. Peterseim*, 68 Ohio App.2d 211, 213-214, 428 N.E.2d 863 (8th Dist.1980). However, this does not mean that a defendant has an absolute right to withdraw his plea before sentencing. *Patterson* at ¶ 5, citing *Perkins* at ¶ 29. Rather, "[e]ven under the pre-sentence standard, 'a defendant must show a reasonable and legitimate basis for the withdrawal of the plea.' " *Id*., quoting *State v. Simpson*, 2d Dist. Montgomery No. 24266, 2011-Ohio-6181, ¶ 10. " 'A change of heart is not enough,' and a trial court's finding regarding a defendant's true motivation is entitled to deference." *Simpson* at ¶ 10, quoting *State v. Williamson*, 2d Dist. Montgomery No. 21965, 2008-Ohio-4727, ¶ 13.

{¶ 20} We have previously noted that Ohio courts often consider the following nine factors when considering a motion to withdraw a guilty plea:

(1) whether the accused is represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the motion, (4) whether the

trial court gave full and fair consideration to the motion, (5) whether the motion was made within a reasonable time, (6) whether the motion sets out specific reasons for the withdrawal, (7) whether the accused understood the nature of the charges and possible penalties, (8) whether the accused was perhaps not guilty of or had a complete defense to the charge or charges, and (9) whether the state is prejudiced by withdrawal of the plea.

(Citations omitted.) *State v. Preston*, 2d Dist. Montgomery No. 25393, 2013-Ohio-4404, ¶ 19.

{¶ 21} "Consideration of the foregoing factors involves a balancing test. No single factor is dispositive." *Patterson*, 2d Dist. Montgomery No. 26015, 2014-Ohio-4962 at ¶ 7, citing *Preston* at ¶ 20. "In reviewing the various factors, the ultimate issue remains whether a reasonable and legitimate basis for withdrawing the plea exists. The question for us is whether the trial court abused its discretion in making this determination." *Id.*

{¶ 22} Here, Howard concedes the second, third, and seventh factors do not support the withdrawal of his guilty plea. Specifically, Howard admits that he received a full Crim.R. 11 hearing and that the trial court held a full hearing on the motion to withdraw his guilty plea. Howard also admits that he understood the nature of the charges against him and the possible penalties that could be imposed. Nevertheless, Howard contends the remaining six factors weigh in favor of withdrawing his plea.

{¶ 23} Initially, Howard claims the first factor, whether the accused was represented by highly competent counsel, weighs in his favor because his trial counsel provided ineffective assistance as alleged under his First Assignment of Error. Yet, as noted above, we found his trial counsel did not render ineffective assistance in failing to

subpoena Lynn. In addition, there is nothing in the record to establish that his trial counsel was not highly competent. Therefore, we do not find that the first factor weighs in favor of withdrawing Howard's guilty plea.

{¶ 24} Under the fourth factor, Howard contends the trial court did not fully and fairly consider his motion to withdraw his plea. In support of this argument, Howard points to the fact that the trial court did not provide any specific reasons for overruling his motion. The record, however, indicates that the trial court overruled the motion after it gave both Howard and his counsel an opportunity at the hearing to fully explain Howard's reasons for wanting to withdraw his guilty plea. Moreover, throughout the hearing, the trial court asked both parties thoughtful questions about the circumstances leading to the motion. *See State v. Simpson*, 10th Dist. Franklin No. 07AP-929, 2008-Ohio-2460, ¶ 15 (finding the trial court gave full and fair consideration to the motion to withdraw as "[t]he trial court gave appellant the opportunity to present his argument, and the court asked appellant numerous questions about whether he had understood the charges at his earlier plea hearing"). The trial court also specifically stated on the record that it had "considered all the statements from counsel, the statement from defendant, [and] the circumstances[.]" Plea-Withdrawal Hearing/Sentencing Hearing Trans. (Mar. 18, 2015), p. 17. As such, the record indicates that the trial court gave full and fair consideration to Howard's motion at the hearing.

{¶ 25} In addition, the sixth factor, concerning whether Howard set forth specific reasons for withdrawal, does not support withdrawing his plea either. While Howard gave specific reasons for wanting to withdraw his plea at the hearing, we find that his reasons did not set forth a reasonable and legitimate basis for the withdrawal. Rather,

Howard's reasoning merely indicates his change of heart in accepting the State's plea agreement. As noted above, " '[a] change of heart is not enough,' and a trial court's finding regarding a defendant's true motivation is entitled to deference." *Simpson,* 2d Dist. Montgomery No. 24266, 2011-Ohio-6181 at ¶ 10, quoting *Williamson*, 2d Dist. Montgomery No. 21965, 2008-Ohio-4727 at ¶ 13.

{¶ 26} We also find that the eighth factor, whether the accused is perhaps not guilty or has a complete defense, weighs heavily against withdrawing Howard's plea. Here, it is undisputed that Howard's blood was discovered on the broken window pane at the scene of the burglary. During the hearing on his motion to withdraw, Howard failed to provide an intelligible explanation as to why his blood was discovered there. The record, therefore, indicates that Howard does not have a viable defense to the burglary charge.

{¶ 27} We also note that Howard made certain statements during the hearing on his motion to withdraw and at sentencing that insinuate his guilt. During the hearing on his motion, Howard said: "I'm sorry. I feel bad every day that any of this has ever happened. Anybody who knows me, knows this is not like me, and I apologize to anyone that's got hurt." Plea-Withdrawal Hearing/Sentencing Hearing Trans. (Mar. 18, 2015), p. 9. Shortly thereafter, Howard apologized again during his sentencing hearing and stated:

> I would like to say I am sorry. I feel terrible every day about any of this ever
> happened [sic]. People who know me know that this is not like me, and I
> apologize to anyone affected by any of my bad decisions here. I found out
> a few years ago that I had post-traumatic stress disorder, and then I started
> abusing alcohol to try to help me cope with things. Around that same time

I started making bad decisions. * * * I apologize to anyone affected by any of my bad decisions that had to do with me ending up here. This has been a long, big eye opener for me. * * * I've made some mistakes, and I'll never be able to take any of them back. I'm sorry. I feel bad that any of this has happened.

*Id.* at 20-21.

**{¶ 28}** Based on the foregoing, it is clear that the weight of the nine factors support the trial court's decision to overrule Howard's motion to withdraw his guilty plea. Most importantly, we find that Howard failed to provide a reasonable and legitimate basis for withdrawing his plea. Accordingly, we cannot say the trial court abused its discretion in overruling Howard's motion.

**{¶ 29}** Howard's Second Assignment of Error is overruled.

## Conclusion

**{¶ 30}** Having overruled both assignments of error raised by Howard, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Kristin L. Arnold
Hon. Douglas M. Rastatter